# SUPERIOR CITY *v.* RIPLEY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEBRASKA.

No. 1322. Submitted January 6, 1891. — Decided January 26, 1891.

An acceptance by a municipal corporation of a draft, directing it to pay to the order of the payee a sum of money due to the drawer for work and labor done and materials furnished under a contract, constitutes a new contract between the acceptor and the payee which the latter may enforce in the courts of the United States, if he be a citizen of a different State from the acceptor, and if the amount be sufficient to give jurisdiction, notwithstanding the drawer and the acceptor are both citizens of the same State, and notwithstanding the provisions in the act of August 13, 1888, 25 Stat. 433, c. 866, § 1.

If a contract with a municipal corporation calls for payment for work and labor and materials furnished under it in city warrants, and the municipality accepts a draft for a sum in money from the contractor in favor of the payee or order, without specifying that it is payable in such warrants, it is not necessary to allege, in an action on the acceptance, that demand was made payable in such warrants and was refused.

THIS was a writ of error to reverse a judgment of the Circuit Court for the District of Nebraska in favor of the defendants in error, upon certain orders accepted by the city of Superior. The case was practically decided in overruling a demurrer to the petition, which set forth, in substance, the following facts:

1. That the plaintiffs, Ripley and Bronson, were citizens of the State of Missouri, and the defendant, the city of Superior, a municipal corporation of the State of Nebraska.

2. That under an ordinance, regularly adopted and confirmed by a popular vote, the city entered into a contract with S. K. Felton & Co. for the construction of a system of water-works for the sum of $25,000. That, in pursuance of such contract, Felton & Co. built and completed the water-works, which were accepted by the city on the 29th day of April, 1889; and that upon the contract price there was paid $5000, October 13, 1888, and $3681, December 14, 1888.

3. That S. K. Felton & Co. became indebted to the plain-

tiffs for water-pipe, hydrants and other material sold and delivered to them by the plaintiffs, and used in said water-works, in the sum of $5750, for which Felton & Co. executed the following order:

"Superior, Neb., *Dec. 24th*, 1888.

"Upon final completion and acceptance of water-works by the city of Superior, Neb., pay to the order of Ripley and Bronson five thousand seven hundred and fifty dollars, and charge same to contract price and on contract for erection of said water-works.
          "(Signed)          S. K. Felton & Co.
"(Addressed:) To the mayor and city council,
          "City of Superior, Superior, Neb."

4. That said order was presented at a meeting duly called of the city council, and accepted by a vote of said meeting, and in pursuance thereof the mayor and city clerk, under the seal of the city, endorsed and accepted the said order as follows:

"The city of Superior, Neb., hereby accepts the within written order, provided the water-works are fully completed according to plans and specifications and are duly accepted by the city, and then in that event the city of Superior will withhold from the final payment of contract price that may be due S. K. Felton & Co. the amount of this acceptance, or such part thereof as may actually be due said S. K. Felton & Co. thereon, and will pay over such amount in city warrants to Ripley and Bronson in lieu of S. K. Felton & Co., such amount to be credited upon said contract price for said water-works as if the same was paid to S. K. Felton & Co.

"Dated Superior, Neb., Dec. 24th, 1888.

"By order of the city council.          C. E. Adams, *Mayor*.

"(City of Superior Corporate Seal.) C. E. Davis, *City Clerk.*"

And thereupon said S. K. Felton & Co. endorsed upon said order as follows:

"We accept and agree to above conditions the day and date hereof, and that this may be embraced in our contract with the city of Superior and be part thereof.

"S. K. FELTON & Co.

"Witness: CHAS. E. DAVIS."

5. That the water-works were completed by S. K. Felton & Co., and accepted by the city on the 29th of April, 1889; and that the city paid to S. K. Felton & Co. a large amount of money, subsequent to the acceptance of this order, in disregard of plaintiff's rights, and that there has accrued and become payable to them since said acceptance over $18,000; whereby the city became liable to the plaintiffs for the amount of their order.

To this petition the defendant city interposed a demurrer upon the grounds:

1. That it did not appear from said petition that the Circuit Court had jurisdiction of the subject matter of the suit.

2. That the said petition did not state facts sufficient to constitute a cause of action.

The court overruled the demurrer, (41 Fed. Rep. 113,) and, the defendant not desiring to plead further, rendered judgment for the plaintiffs, in the sum of $6061.87.

*Mr. John M. Ragan, Mr. J. B. Cessna,* and *Mr. W. F. Buck* for plaintiff in error.

*Mr. Clinton Rowell* for defendant in error.

MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

(1.) In support of its demurrer founded upon the alleged want of jurisdiction in the Circuit Court, the plaintiff in error insists that the plaintiffs below obtained their right to bring suit upon this order by assignment from S. K. Felton & Co., who are not alleged to be citizens of any other State than Nebraska, and hence that the plaintiffs are disqualified to sue, under the act of August 13, 1888, 25 Stat. 433, c. 866, § 1,

the first section of which provides that no Circuit or District Court shall "have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of any assignee, or of any subsequent holder, if such instrument be payable to bearer, and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made."

The action in this case is brought upon an order drawn by S. K. Felton & Co., in which they direct the city to pay to the plaintiffs below, a certain sum of money upon the completion and acceptance of certain work undertaken by them for the city, and charge the same to their contract price. This order was presented to the corporation and formally accepted, "provided the water-works are fully completed, according to plans and specifications, and are duly accepted by the city," and the city promised to pay the same *in city warrants*. This acceptance was a contract directly between the city and the plaintiffs below, upon which the city was immediately chargeable as a promissor to the plaintiffs. Nothing is better settled in the law of commercial paper than that the acceptance of a draft or order in favor of a certain payee, constitutes a new contract between the acceptor and such payee, and that the latter may bring suit upon it without tracing title from the drawer. From the moment of acceptance, the acceptor becomes the primary debtor, and the drawer is only contingently liable, in case of non-payment by the acceptor. Daniel on Negotiable Instruments, § 532; *Fentum* v. *Pocock*, 5 Taunton, 192; *Wallace* v. *McConnell*, 13 Pet. 136. Ever since the case of *Young* v. *Bryan*, 6 Wheat. 146, it has been the settled law of this court that the Circuit Court has jurisdiction of a suit, brought by the endorsee of a promissory note against his immediate endorser, whether a suit would lie against the maker or not, upon the ground as stated by Chief Justice Marshall, "that the endorsee does not claim through an assignment. It is a new contract entered into by the endorser and endorsee." p. 151. This case was approved in *Mullen* v. *Torrance*, 9 Wheat. 537; *Evans* v. *Gee*, 11 Pet. 80;

and *Coffee* v. *The Planters' Bank of Tennessee*, 13 How. 183. It needs no argument to show that the same rule would apply as between the acceptor and the payee; and if the latter be a non-resident of the State, he may bring suit directly against the acceptor, notwithstanding the drawer of the paper is a resident of the same State as the acceptor, for the same reason that the acceptance creates a new contract, to which the drawer is not a party. *Thompson* v. *Perrine*, 106 U. S. 589.

The same principle is illustrated in the case of *De Sobry* v. *Nicholson*, 3 Wall. 420, in which it was held that if the requisite citizenship exist between the immediate parties to a contract, the jurisdiction of the Circuit Court cannot be defeated by the fact that another and prior contract, to which the plaintiff is not a party, is set out as an inducement to the making of the contract in suit.

So, in *Manufacturing Co.* v. *Bradley*, 105 U. S. 175, a corporation agreed to pay on a certain date to A, a sum of money, at a specified rate of interest; and, by an endorsement on the paper after it matured, further agreed, in consideration of forbearance to a date named, to pay at a higher rate of interest, to *bearer*. It was held that the endorsement was a new contract, upon sufficient consideration, and negotiable within the meaning of the law merchant, and that B, the legal holder of the paper, was not precluded from suing thereon in the Circuit Court, by the fact that A was a citizen of the same State as the corporation. In delivering the opinion of the court Mr. Justice Matthews observed: "It is true that the bond, as originally executed, was payable to Gayer, receiver, simply, and was not negotiable; but the subsequent endorsement was a new and complete contract, upon a distinct and sufficient consideration, and, being payable to bearer, is negotiable by delivery merely." p. 180.

(2.) In support of its second ground of demurrer, the defendant city further insists that inasmuch as the acceptance of the city was a promise to pay in *city warrants*, the petition should allege that the plaintiffs demanded payment in warrants, and that the city refused to give them warrants for the order. The order, however, was to pay a certain sum in dollars and

cents, and the promise was to pay the amount of the acceptance, and if payment had been made or tendered, either in current money or in city warrants, it was matter of defence, and the burden of proof was upon the defendant. No allegation in the petition that payment in city warrants was demanded and refused, was necessary to constitute a complete cause of action, and it is only after a failure to make out a *prima facie* case in the petition, that a general demurrer will lie. *Wallace* v. *McConnell*, 13 Pet. 136; *Brabston* v. *Gibson*, 9 How. 263, 279. As the warrants were a mere method of payment in money, for the convenience of the city in carrying on its financial business, it may be treated as a promise to pay in money. *Babcock* v. *Goodrich*, 47 California, 488. If the promise were to pay in bank notes or other representatives of money, it would scarcely be claimed that it was not a promise to pay in money, or that any special demand of bank notes was necessary to be averred. There is an allegation in the petition, that, though often requested, the said city of Superior has not paid to plaintiffs the amount of said order and acceptance, or any part thereof, and that there is now due and unpaid upon the same, the entire amount thereof. We think this is a sufficient allegation of non-payment and refusal to pay to render the city chargeable in this form of action.

The judgment of the Circuit Court must be

*Affirmed.*