CITY OF SEYMOUR v. FARMERS' LOAN & TRUST CO. OF NEW YORK.*

(Circuit Court of Appeals, Seventh Circuit. October 23, 1903.)

No. 954.

**1. FEDERAL COURTS—JURISDICTION—CITIZENSHIP—RIGHT OF ACTION.**

Plaintiff, a citizen of New York, and M., a citizen of Indiana, were trustees under a mortgage executed by an Indiana corporation to secure bonds, in which water hydrant rentals due from defendant, a city of Indiana, were pledged as security; but the mortgage provided that the corporation should receive such rentals until default in the payment of interest on the bonds. The ordinance, however, under which the franchise to the corporation was granted, provided that the rentals in question should be paid to a trustee as the grantee or his assigns might elect, and plaintiff was appointed such trustee. *Held*, that the trust created by the ordinance was separate from that created by the mortgage, and hence plaintiff was entitled to sue therefor in the federal courts sitting in Indiana, without joining the co-trustee mentioned in the mortgage.

**2. SAME—ASSIGNMENTS.**

Where a city ordinance, under which a water franchise was granted, provided that hydrant rentals should be paid to plaintiff, a nonresident corporation, as trustee, the fact that the original ordinance granting the franchise was not to the water company, but to M. and his assigns, who assigned the same to the water company, and that both M. and the company were citizens of the same state, did not preclude the trustee from bringing an action to recover such rents in the federal court, under Act Cong. Aug. 13, 1888, § 1, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], which provides that an assignee cannot bring an action based on an assignment in the federal courts, unless his assignor could have done so had no assignment been made.

In Error to the Circuit Court of the United States for the District of Indiana.

Byron K. Elliott and Joseph H. Shea, for plaintiff in error.

Merrill Moores, for defendant in error.

Before JENKINS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

PER CURIAM. The action in the court below was brought by the Farmers' Loan & Trust Company, a citizen of New York, against the city of Seymour, a municipal corporation of Indiana, to recover rentals for city hydrants due from the city to the Seymour Water Company, also a citizen of Indiana. The suit was thus by a citizen of New York, trustee of the Seymour Water Company, a citizen of Indiana, against a municipal corporation of Indiana.

On the merits of the case the judgment below was without error, and can be affirmed without discussion. The principal questions that arise relate to jurisdiction.

The plaintiff below, defendant in error here, is trustee, along with one Merrill Moores, a citizen of Indiana, under a mortgage executed by the Seymour Water Company to secure an issue of its bonds, in which mortgage the rentals in question due the city, along with the real estate and personal property of the water company, are pledged as security; but the trust deed contains a provision that until default in

*Rehearing denied April 12, 1904.

the payment of interest the water company should remain in possession of the rentals, tolls, and revenues as fully as though the deed of trust or mortgage had not been made, and free from the control and intervention of the trustees. If the action under review be under the authority of such mortgage and pledge, jurisdiction fails, because Moores, a citizen of Indiana, would in such case be an indispensable party.

But the ordinance under which the franchise was granted provided that there should be paid to such trustee, as the grantee or his assigns may elect, the rentals in question, which rentals shall be devoted by such trustee to the payment of interest charges on the bonds. Taking this provision of the ordinance, in connection with a certificate by the city that the Farmers' Loan & Trust Company has been designated as such trustee, no default having occurred in the payment of interest, we are of the opinion that the trust created by the ordinance is separate from the trust created by the mortgage; from which it follows that Moores, not named in the ordinance trust, is not an indispensable party, and that the suit was rightly brought by the Farmers' Loan & Trust Company without joining him.

The original ordinance, however, was not to the Seymour Water Company, but to Willet E. McMillan, his heirs and assigns, McMillan subsequently assigning the same to the Seymour Water Company. The Farmers' Loan & Trust Company, of course, derives its title from the ordinance and trust agreement between the city of Seymour and McMillan. It is insisted that the Seymour Water Company is assignee of McMillan, whose citizenship is not averred, and from this argued that jurisdiction in the federal court cannot be maintained. Without discussing this question, we are content to rest our conclusion in favor of jurisdiction upon the authority of Superior City v. Ripley, 138 U. S. 93, 11 Sup. Ct. 288, 34 L. Ed. 914.

The judgment of the Circuit Court is affirmed.