J. I. CASE THRESHING MACH. CO. v. ROAD IMPROVEMENT DIST. NO. 3 OF PULASKI COUNTY, ARK.

(District Court, E. D. Arkansas, W. D. January 27, 1914.)

1. COURTS (§ 312*)—UNITED STATES COURTS—JURISDICTION DEPENDENT ON CITIZENSHIP—ASSIGNMENT OR NOVATION.

A contractor for the building of a road under a contract with defendant, which provided that 10 per cent. of the contract price should be retained until completion and acceptance of the work, assigned the sum so retained to a creditor to whom the contractor was indebted in an amount exceeding such 10 per cent. Defendant in writing consented to such assignment, and agreed to pay the assignee such part of the 10 per cent. so retained as might be due upon final settlement with the contractor after the completion of the work up to the amount due to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the assignee from the contractor. *Held* that, in determining the jurisdiction of a United States court over an action by the assignee against defendant on the ground of diverse citizenship, the citizenship of the contractor was immaterial, and the complaint was not demurrable for failure to allege that she was a citizen of a state other than that of the defendant, since the action was not upon an assigned chose in action, but was on a novation by which defendant was exonerated from liability to the contractor and became directly liable to the assignee.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 865–875; Dec. Dig. § 312.*]

2. Novation (§ 1*)—Nature and Requisites.

A "novation" is the substitution by mutual agreement of one debtor or one creditor for another, whereby the old debt is extinguished, or the substitution of a new debt or obligation for an existing one which is to be extinguished, and its requisites are a valid prior obligation to be displaced, the consent of all parties to the substitution, a sufficient consideration, the extinguishment of the old obligation, and the creation of a valid new one.

[Ed. Note.—For other cases, see Novation, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 5, pp. 4848–4851; vol. 8, p. 7733.]

At Law.    Action by the J. I. Case Threshing Machine Company against Road Improvement District No. 3 of Pulaski County, Ark. On demurrer to the jurisdiction of the court.    Demurrer overruled.

The complaint, in so far as it is necessary to set it out for the purpose of understanding the jurisdictional questions involved, states that the plaintiff is a corporation existing under the laws of the state of Wisconsin, and the defendant is a corporation created by the state of Arkansas, having its domicile within the jurisdiction of this court; that the defendant and one Mary V. Wiegel, the latter doing business under the firm name of Pulaski Stone Company, entered into a contract whereby Mrs. Wiegel was to build a certain road for the defendant; that the payments were to be made by the defendant to her on estimates of the engineer in charge as the work progressed; that 10 per cent. was to be retained until the contract was completed and accepted by the defendant, whereupon that sum was to be paid; that she performed the work, which amounted to $32,561.40, of which 90 per cent. has been paid, and 10 per cent., amounting to $3,256.14, is still unpaid; that while the work was being performed by Mrs. Wiegel, she being indebted to the plaintiff in the sum of $3,800, as evidenced by her note, assigned to it all of the 10 per cent. retained estimates to the extent of $3,800 and the interest on the note; that upon presentation of this assignment to the defendant it consented in writing thereto and agreed to pay the same to the plaintiff.    This agreement is as follows:

"We hereby consent to the within assignment to the J. I. Case Threshing Machine Company by the Pulaski Stone Company and Mary V. Wiegel, and agree to pay the said assignee such part of the 10 per cent. retained by us in accordance with our contract with said assignors as may be due upon final settlement with the said assignors after the completion of the work called for by said contract up to the amount due upon the $3,800.00 note, with interest at the time of payment.

"[Signed]                                        O. P. Robinson, President."

The contract having been completed by Mrs. Wiegel, and accepted by the engineer, the plaintiff demanded payment of the 10 per cent. retained sum, which was refused.

The defendant demurs to the jurisdiction of the court on the ground that the complaint fails to allege that Mrs. Wiegel, plaintiff's assignor, was a citizen of a state other than that of the defendant, and that she could have maintained an action for this money in this court.

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. A. Comer, of Little Rock, Ark., for plaintiff.
Ratcliffe & Ratcliffe, of Little Rock, Ark., for defendant.

TRIEBER, District Judge (after stating the facts as above). ,[1] It is conceded by counsel for the plaintiff that, if this action is merely upon an assigned chose in action, the failure of plaintiff to allege in its complaint that its assignor, Mrs. Wiegel, could have maintained the suit in this court would have been fatal; but it is claimed that the defendant made an express promise to pay this sum of money to the plaintiff, and that this action is upon that express promise, and for that reason the citizenship of Mrs. Wiegel is immaterial.

If this is a new promise to pay to the plaintiff this specific money due from the defendant to Mrs. Wiegel, agreed to by all the parties, it extinguished the liability of the defendant to Mrs. Wiegel, and created an obligation on the part of the defendant to the plaintiff. This is clearly a novation of the original indebtedness, and in such a case the jurisdiction of this court is controlled by the citizenship of the plaintiff and the defendant, regardless of that of Mrs. Wiegel.

[2] "Novation" has been properly defined as:

"The substitution by mutual agreement of one debtor or of one creditor for another, whereby the old debt is extinguished, or the substitution of a new debt or obligation for an existing one which is to be extinguished. The requisites of a novation are: (1) A valid prior obligation to be displaced; (2) the consent of all the parties to the substitution; (3) a sufficient consideration; (4) the extinguishment of the old obligation, and (5) the creation of a valid new one." In re Ransford, 194 Fed. 658, 662, 115 C. C. A. 560, 564, and authorities there cited.

In the instant case all of these requisites exist. It is true that Mrs. Wiegel's indebtedness to the plaintiff has not been extinguished, and will not be until the defendant makes the payment, as the plaintiff has accepted the assignment from her as collateral security only. But the defendant, when it accepted the order of Mrs. Wiegel, was exonerated from liability to her to the extent of the $3,800 and interest thereon, and, as it appears from the complaint that its liability is less than the indebtedness due plaintiff from Mrs. Wiegel, her claim is entirely extinguished, and she cannot maintain an action for the recovery of the retained 10 per cent. The contract between the plaintiff and the defendant is a new contract between them; the consideration for the promise to pay plaintiff being the extinguishment of Mrs. Wiegel's claim to this retained 10 per cent. The agreement of the defendant to pay this money to the plaintiff was, in effect, an acceptance of an order on it, and from the moment of acceptance it became the primary debtor, and Mrs. Wiegel only contingently liable in case of nonpayment by the defendant. Derby v. Sanford, 9 Cush. (Mass.) 263.

In Superior City v. Ripley, 138 U. S. 93, 11 Sup. Ct. 288, 34 L. Ed. 914, the facts were very much like those in this case. In that case the city had entered into a contract with S. K. Felton & Co. for the construction of a system of waterworks for the sum of $25,000; Felton & Co. built and completed the waterworks, which were accepted by the city and a part of the contract price paid. Felton & Co., being indebt-

ed to plaintiffs Ripley and Brunson in the sum of $5,750, gave them an order which read as follows:

"Upon final completion and acceptance of waterworks by the city of Superior, Nebraska, pay to the order of Ripley and Brunson $5,750.00, and charge same to contract price and on contract for erection of said waterworks.

"S. K. Felton & Company.
"To the Mayor and City Council of the City of Superior, Nebraska."

This order was presented to the city council and accepted. The acceptance indorsed on the order was as follows:

"The city of Superior, Nebraska, hereby accepts the within written order, provided the waterworks are fully completed according to plans and specifications and are duly accepted by the city, and then, in that event, the city of Superior will withhold from the final payment of contract price that may be due S. K. Felton & Company the amount of this acceptance or such part thereof as may be due said S. K. Felton & Company thereon, and will pay over such amount in city warrants to Ripley and Brunson in lieu of S. K. Felton & Company, such amount to be credited on said contract price for said waterworks as if the same was paid to S. K. Felton & Company.

"Dated Superior, Nebraska, December 24, 1888.
"By order of the City Council:
"[Seal of the City.]            C. E. Davis, City Clerk.
                               "C. E. Adams, Mayor."

The waterworks having been completed and accepted by the city, and the amount due S. K. Felton & Co. being in excess of the sum for which the order was drawn, Ripley and Brunson demanded payment, which was refused, and thereupon they instituted an action against the city in the federal court. The complaint failed to allege the citizenship of Felton & Co. On behalf of the city it was claimed that the court was without jurisdiction, as the complaint failed to show that Felton & Co., the drawers of the order, were citizens of a state other than that of the defendant; but this contention was overruled, the court saying:

"This acceptance was a contract directly between the city and the plaintiff below, upon which the city was immediately chargeable as promisor to the plaintiff. Nothing is better settled in the law of commercial paper than that the acceptance of a draft to order in favor of a certain payee constitutes a new contract between the acceptor and such payee, and that the latter may bring suit upon it without tracing title from the drawer. From the moment of acceptance the acceptor becomes the primary debtor, and the drawer is only contingently liable in case of nonpayment by the acceptor."

It will be noticed that the order was not an instrument negotiable under the law merchant, as the date when it was payable was not certain, nor was the acceptance an unconditional one. It was practically the same as the order in the case at bar.

In Ingersoll v. Coram, 211 U. S. 335, 361, 29 Sup. Ct. 92, 53 L. Ed. 208, a similar question arose. In that case one Root had employed an attorney to attend to litigation, and a lien was claimed on the share recovered for Root. Some of the property being in the state of Massachusetts, Ingersoll's administratrix instituted a suit in the federal court of Massachusetts to subject Root's share to the lien of her intestate, making citizens of Massachusetts and of Montana parties defendant. Root, who was not made a party to the suit, being also a citizen of the state of Massachusetts, it was claimed that as she was seeking to en-

force a right of Root against the administrator, arising under an equitable assignment by Root to her intestate, she was suing to recover as assignee of a chose in action upon which the assignor could not sue, there being no diversity of citizenship between him and some of the other defendants; but this contention was by the court overruled and the jurisdiction of the court maintained.

To the same effect are American Color Type Co. v. Continental Co., 188 U. S. 104, 23 Sup. Ct. 265, 47 L. Ed. 404; City of Seymour v. Farmers' Loan & Trust Co., 128 Fed. 907, 63 C. C. A. 633; H. G. Holloway & Bro. v. White-Dunham Shoe Co., 151 Fed. 216, 80 C. C. A. 568, 10 L. R. A. (N. S.) 704; Peacock v. Thaggard (C. C.) 128 Fed. 1005, 1009.

In Castle v. Persons, 117 Fed. 835, 838, 844, 54 C. C. A. 133, 136, 142, it was held by the Circuit Court of Appeals for this circuit that even a verbal request is sufficient, when accepted, to constitute a novation. The court said:

"We see no difference between a verbal order or request and a written order or request, there being no law requiring either to be in writing. Neither need the acceptance be in writing. If the defendant in error owed Thomas Persons, and Thomas Persons requested him to pay the debt to Maria Persons, and he, upon such request, promised to pay it to Maria Persons, thereby extinguishing his debt to Thomas Persons, Maria Persons could sue and recover upon the promise, and, if this could be done, then all control over the chose in action would be in Maria Persons. She had complete power to reduce it to possession."

In that case Judge Sanborn, in a concurring opinion, said:

"If a creditor orally directs his debtor to pay his debt to a third party, and the debtor verbally agrees with the third party to do so, the latter is substituted for the first party as his creditor, the first party is estopped from collecting the debt, the debtor is released from paying to him, and is legally bound to pay it to the third party. A complete novation and assignment have been effected."

As this is an action upon an express promise of the defendant to pay to the plaintiff the retained money due on the contract to Mrs. Wiegel, and the requisite diversity of citizenship of the plaintiff and defendant exists, the demurrer to the jurisdiction is overruled.