OAK GROVE CONST. CO. v. JEFFERSON COUNTY.

(Circuit Court of Appeals, Sixth Circuit. February 2, 1915.)

No. 2526.

1. COURTS ⚖═312 — FEDERAL COURTS — JURISDICTION — ASSIGNED CLAIMS — "CONTENTS OF CHOSE IN ACTION."

Act March 3, 1887, c. 373, § 1, 24 Stat. 552, as amended by Act Aug. 13, 1888, c. 866, 25 Stat. 433 (Comp. St. 1913, § 991 [1]), provides that federal courts shall not entertain a suit to recover the contents of any chose in action in favor of any assignee, unless the same suit might have been there brought by the assignor. *Held*, that the prohibition involved in the clause "contents of a chose in action" was one against a suit on an assigned right of action, and hence the act did not apply to an action by an Alabama corporation on a Tennessee contract to perform certain public work for defendant, a Tennessee county, which contract was assigned to the corporation by a Tennessee partnership, with which it was origi-

nally made, to recover on disputed items all accruing subsequent to the assignment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 865–875; Dec. Dig. ☞312.

For other definitions, see Words and Phrases, First and Second Series, Contents.]

2. NOVATION ☞5—CONTRACT FOR PUBLIC WORK—ASSIGNMENT.

Where, on the letting of a contract by a county for the doing of certain public work, the county took a bond from the contractors as required, and after they had assigned the contract to a foreign corporation, the county, though acquiescing in the assignment, did not require a bond from it, there was no novation, nor release of the partnership from liability, or intent on the part of the county to accept the corporation's promise to perform in substitution.

[Ed. Note.—For other cases, see Novation, Cent. Dig. § 5; Dec. Dig. ☞5.]

3. COUNTIES ☞126½, New, vol. 20 Key-No. Series—CONTRACTS ASSIGNABLE—PUBLIC WORK—ASSIGNMENT TO FOREIGN CORPORATION.

A contract between a county and contractors for certain public work, executed in Tennessee, did not involve personal trust or confidence, and was assignable by the contractors to a foreign corporation under Shannon's Code Tenn. § 3516, providing that contracts generally are assignable, etc.

4. COUNTIES ☞126½, New, vol. 20 Key-No. Series—CONTRACTS—ASSIGNABILITY—ESTOPPEL.

Where, after a contract for public work between a county and a partnership, had been assigned by the latter to a foreign corporation, the county with knowledge of the assignment made no objection for three years to performance by the corporation, but accepted its work, and thereafter made no counterclaim against the assignors, and they claimed nothing against the county, it was too late for the latter, when sued for work and materials under the contract, to deny that the assignment took the full effect necessary to support the action, and this, though the contract forbade subletting without the written consent of the county.

5. COUNTIES ☞49—CONTRACTS—ACQUIESCENCE—MODE.

Acquiescence by a county in an assignment of a contract for public work by contractors was available, though not made by the full board of county commissioners at a formal meeting assembled.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 56–60; Dec. Dig. ☞49.]

6. COUNTIES ☞125 — ASSIGNMENT OF CONTRACT — INSUFFICIENCY — IMPLIED CONTRACT.

Where an assignee of a county construction contract was not entitled to recover on the contract because of alleged insufficiency of the assignment, but it was within the power of the county's board of commissioners to make a completely valid and binding contract with the assignee for the work, and for more than three years the county's commissioners, with knowledge that plaintiff was performing the work, acquiesced therein, plaintiff, if unable to recover on the express contract, could recover for work and materials under an implied one.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 186; Dec. Dig. ☞125.]

In Error to the District Court of the United States for the Eastern District of Tennessee; Edward T. Sanford, Judge.

Action by the Oak Grove Construction Company against Jefferson County. From a judgment for defendant, plaintiff brings error. Reversed and remanded.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

L. D. Smith, of Knoxville, Tenn., for plaintiff in error.
. W. R. Turner, of Knoxville, Tenn., for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges, and SATER, District Judge.

DENISON, Circuit Judge. The county of Jefferson, in 1906, after due preliminaries, let a road construction and improvement contract to five men associated as a partnership as "Oak Grove Construction Company." Very soon afterwards, and before much construction work was done, these associates organized an Alabama corporation, named "The Oak Grove Construction Company" (the plaintiff), and assigned to it their contract. The work was continued by plaintiff about three years, and the county paid plaintiff, on estimates, from time to time, the greater part of the expense of the work. At the end, plaintiff brought this suit to recover a balance of several thousand dollars, all made up of disputed items, and all having accrued on account of its materials furnished and work done long after the assignment. Under these circumstances, it is said that the trial court had no jurisdiction, because the suit was brought upon an assigned contract, and the assignors were citizens of the same state with defendant.

[1] The provision of section 1 of the act of 1887 as amended by Act Aug. 13, 1888 (25 Stat. 433), to the effect that the federal courts shall not entertain a suit to recover the contents of any chose in action in favor of any assignee, unless the same suit might have been there brought by the assignor does not, in our judgment, apply to this case. The ambiguity inherent in the phrase "recover the contents of a chose in action" has been cleared by deciding that the prohibition is one against suit upon an assigned right of action. Shoecraft v. Bloxham, 124 U. S. 730, 735, 8 Sup. Ct. 686, 31 L. Ed. 574; Kolze v. Hoadley, 200 U. S. 76, 82, 26 Sup. Ct. 220, 50 L. Ed. 377. And see Brown v. Fletcher, 235 U. S. 589, 35 Sup. Ct. 154, 58 L. Ed. —— (Jan. 5, 1915). Since in this case the court below directed a verdict for the county, we must assume, for the purposes of this review, whatever facts plaintiff's testimony tended to show. From this point of view, it is clear that the suit is not brought upon an assigned right of action. The assignors never had any right to bring a suit to recover either the agreed price or the reasonable value of the materials furnished and work done by plaintiff. The right of action originally accrued to the plaintiff, it never existed until plaintiff parted with these considerations, and thereupon it vested in plaintiff and vested nowhere else. As was said in Paige v. Rochester (C. C.) 137 Fed. 663, 665, plaintiff's "cause of action does not depend upon the assignment of a chose in action to him, but upon the assignment of a right to him by which, by performance, he acquired a chose in action to himself."

There is no substantial distinction between the present case and American Co. v. Continental Co., 188 U. S. 104, 23 Sup. Ct. 265, 47 L. Ed. 404, in which an assignee of a contract sued the other original party with reference to a breach which occurred after the contract had been assigned, and such a suit was held not within the prohibition. True, there had been, in that case, a greater degree of substi-

tution and release of the assignor than our subsequent discussion herein of the subject of novation indicates to be essential to the maintenance of this action; but the opinion of the Supreme Court expressly denies the importance of substitution. The result is placed upon the arising of a new contract between defendant and assignee. The same character of new contract is alleged and (by tendency) proved here—the kind which comes from the transfer of an assignable contract and subsequent continuing performance by the assignee, and the other party's acceptance and recognition of the assignee as one entitled to perform and to receive performance. The present case is also well within the principle of Superior City v. Ripley, 138 U. S. 93, 96, 97, 11 Sup. Ct. 288, 34 L. Ed. 914, which has been applied to circumstances analogous to those here involved (Seymour v. Farmers' Co. [C. C. A. 7] 128 Fed. 907, 63 C. C. A. 633) as well as to the converse situation (Eau Claire v. Payson [C. C. A. 7] 109 Fed. 676, 48 C. C. A. 608).

Plant Co. v. Jacksonville Co., 152 U. S. 71, 72, 14 Sup. Ct. 483, 38 L. Ed. 358, is not inconsistent with the view we adopt. A railroad company, being by contract entitled to a specific consideration for constructing its road, employed the Plant Company to build the railroad, and the Plant Company did this work for the railroad. Then the railroad assigned to the Plant Company the railroad's right to recover the consideration, and it was held that the situation was governed by the prohibition against suits by an assignee; but the distinction between that case and this is obvious. To make the cases parallel, it would have to be supposed that in this case the partnership employed the corporation to do the construction work as the agent of the partnership, and that theory is urged by defendant as a proper inference from the facts; but it is not the theory upon which this review must depend. Plaintiff's testimony tended to show the other theory which we have stated.

Corbin v. Black Hawk, 105 U. S. 659, 26 L. Ed. 1136, is also clearly distinguishable. That suit was to enforce specific performance of a promise made to plaintiff's assignor, the contract was still executory on both sides, and an inseparable part of the right sued for had fully accrued before the assignment, and passed thereby. We conclude that neither upon the demurrer nor upon the motion to instruct was the defendant entitled to prevail on the jurisdictional question.

[2] The trial court put its final action upon the ground that a novation as between the first parties and the later parties was necessary, and that this did not sufficiently appear. If by novation is meant complete substitution, whereby the corporation took for all purposes the place of the partnership and the partnership was released from all liability under the contract, we agree with the trial court that this did not appear. The law requires the county to take a bond from the contractors. This was done when the contract was let to the partnership; but no such bond was required of the corporation, nor was its propriety suggested. This circumstance alone—although it is aided by others—makes clear that there could have been no purpose to release the partnership from its liability, and to accept, in substitution, the promise of the corporation.

This conclusion of fact causes the record to present the question whether, lacking such novation, plaintiff may nevertheless recover; and the nature of the real inquiry here is shown by reciting the situation. There is no attempt to compel the county to perform an executory contract, nor to accept continuing performance from an unsatisfactory assignee. It is not asked to assume any continuing relations with an assignee. Whether the assignors were released from their obligations is not practically important, because those obligations have been fully met, and the county, with all due formality, has accepted the work and acknowledged complete performance of the contract.[1] No resort to the contract terms is now proposed, save as a measure of compensation for some of the work. No claim under the contract is made by the assignors, and no double liability against the county is suggested. The county, with knowledge of the assignment, saw the assignee performing for three years, accepted performance, made partial payments to the assignee, fully accepted the whole work, but refuses to pay the balance due. Such a refusal must be supported by some imperative rule of law, before it can be justified.

[3] Support is sought in the proposition that the contract was not assignable by the partnership, unless with the consent of the county, accompanied by all formalities and conditions essential to make the contract valid in the first place; and this comes to saying that the contract was not assignable at all, for to require the completely formal execution of a new contract is to deny that the assignment was operative. The original contract was one made in pursuance of Tennessee statutes, the question has to do with the rights, powers, and liabilities of a Tennessee municipal corporation, and pertinent Tennessee decisions must be followed. By statute in that state (Shannon's Code, § 3516), as interpreted by its decisions, contracts generally are assignable. We find nothing to indicate that the rule is any different from that recognized and applied in Arkansas Co. v. Belden Co., 127 U. S. 379, 387, 8 Sup. Ct. 1308, 32 L. Ed. 246, viz., that a contract is assignable unless its execution involves personal trust or confidence. In Smith v. Hubbard, 85 Tenn. 306, 312, 2 S. W. 569, it was held, in an opinion by Judge (later Mr. Justice) Lurton, that a contract of this precise character was assignable by the one who agreed to do the work, and that the assignee could bring suit thereon against the municipality. It is not clear that the work, which earned the money sued for, had been performed by the assignee, though that seems probable; but, in any event, the generally assignable character of such a contract is established. It is true that the case does not decide whether the municipality could have been compelled to accept performance from the assignee, though there are decisions to that effect. See cases cited in Arkansas v. Belden Co., supra, 127 U. S. at page 390, 8 Sup. Ct. 1308, 32 L. Ed. 246.

[4] Neither does it determine whether a recognition and acceptance of the assignee as the party performing is at all inconsistent with re-

---

[1] The proofs tended to show that the commissioners for the county actually went over the improvements with plaintiff's representatives, and actively recognized the carrying on and completion of the contract by plaintiff.

taining the full contract liability against the assignor. It has been held that there is no such inconsistency. See Devlin v. New York, 63 N. Y. 8, holding that the assignee has a right to perform, and this without releasing the assignor, followed in New England Co. v. Gilbert Co., 91 N. Y. 153, 167. Both of these questions are here academic. The contract was (for some purposes at least) assignable, and it was assigned. The county made no objection, but accepted the work from the assignee. No counterclaim against the assignors exists. The assignors claim nothing against the county. It is too late to deny that the assignment took the full effect necessary to support this action.

The same considerations make unimportant the fact that the contract forbade subletting, unless by the written consent of the county. Whether this prohibition against subletting extended to an entire assignment, and, if it did, whether this provision had been waived by the conduct of the county in other instances, are questions of no importance. In this instance the county has, in fact, acquiesced in the transfer and allowed the assignee to execute the contract. Upon this general subject, the comments of the Supreme Court in Cincinnati Co. v. Western Co., 152 U. S. 200, 202, 14 Sup. Ct. 523, 524 (38 L. Ed. 411) are highly pertinent:

"Upon this the defendant invokes the rule laid down in Arkansas Valley Smelting Co. v. Belden Mining Co., 127 U. S. 379 [8 Sup. Ct. 1308, 32 L. Ed. 246], and insists that the contract was of such a nature that it could not be assigned by the Gas Illuminating Company to plaintiff without the consent of defendant, which consent was positively refused. But that doctrine has no application under the circumstances of this case. Defendant could not accept these goods from the plaintiff, and then refuse to pay for them. It is immaterial whether there was an assignment from the Gas Illuminating Company to the plaintiff or not, or whether, if there was one, it was ever assented to by the defendant or not. When the defendant ordered the goods from the Gas Illuminating Company, and the plaintiff forwarded the goods upon that order, the defendant might have returned them, and declined to have any dealings with the plaintiff; but it could not accept the goods and use them, and then say it never ordered the goods from the plaintiff, never had any contract with it, and never assented to any assignment to the plaintiff of its contract with the Illuminating Company."

[5] We conclude that the plaintiff was entitled to go to the jury upon the theory of assignment, notice thereof to the county, acceptance or acquiescence by the county, and performance by plaintiff. Nor do we think that notice and acquiescence must be to or by the full board of commissioners in formal meeting assembled. Notice to the county and action or acquiescence by the county after notice are the things to be established, and the Supreme Court of Tennessee has held that notice to two commissioners, if not to one, of a similar board is enough. Smith v. Hubbard, supra, 85 Tenn. at page 313, 2 S. W. 569. And see Land Co. v. Jellico, 103 Tenn. 320, 322, 52 S. W. 995.

[6] The declaration contained also a count which is now said to state a case upon the theory of a contract, express or implied, to pay the reasonable value of the materials and labor which were furnished and received. The trial court thought this count insufficient to accomplish this purpose, and a motion to amend was denied, because made too late. We may well assume that the trial court was right in these respects; but, as the case is to be tried again and amendment may be

permitted, the merits of this question should be noticed. We have no doubt that, if the proofs were insufficient in the opinion of the jury to establish the requisite notice to the county or the acquiescence which has been discussed, they nevertheless tended to establish a liability as upon implied contract against the municipality to pay for what it had accepted and kept and is using. It is freely admitted that it was within the power of the board of commissioners to make a completely valid and binding contract with the plaintiff for all this road work. The objection is that the power was not properly exercised; and, in that class of cases, the Supreme Court of the United States has repeatedly declared and enforced the municipal liability. Hitchcock v. Galveston, 96 U. S. 341, 24 L. Ed. 659. This court recently had occasion to state the same rule and the exceptions to it. Eaton v. Shiawassee County, 218 Fed. 588, 134 C. C. A. 316, filed December 8, 1914. The Tennessee decisions are fully and clearly to the same effect. Madison County v. Gibbs, 9 Lea (Tenn.) 383, 386; Land Co. v. Jellico, supra; Rhea Co. v. Sneed, 105 Tenn. 581, 584, 58 S. W. 1063. Defendant cannot deny that plaintiff may sue under the contract, and thus defeat the action as one on express contract, and, at the same time insist that plaintiff was acting pursuant to an express contract, and thus defeat the claim to recover under an implied contract.

It is doubtless unnecessary to repeat that we have taken as facts everything which plaintiff's evidence tended to show, and that we intend to intimate no opinion as to whether the jury ought to draw the inferences which these assumptions involve.

The judgment below is reversed, with costs, and the case remanded for a new trial.