## JOSEPH MIELE CONST. CO., Inc., v. CITY OF NIAGARA FALLS.

District Court, W. D. New York.
Nov. 18, 1937.

Ernest W. Arlt, of New York City (Frederick W. Newton, of New York City, of counsel), for plaintiff.

J. William O'Brien, Corp. Counsel, of Niagara Falls, N. Y., for defendant.

KNIGHT, District Judge.

On February 21, 1936, the defendant, City of Niagara Falls, and Di Marco & Ciccone, Inc., both corporations of the State of New York, entered into a contract for the construction of certain sewers in the City of Niagara Falls, in this district. On the same day Di Marco & Ciccone, Inc., entered into an agreement in writing, in which it is recited that it "sold, assigned, transferred and set over  *  *  * unto Joseph Miele Construction Co., Inc., of Maplewood, New Jersey, the said contract and any and all sums of money or other benefit or advantage that may be had or obtained by reason of said contract, and said Di Marco & Ciccone, Inc., does hereby make, constitute and appoint said Joseph Miele Construction Co., Inc., its successors and assigns to be its lawful attorney  *  *  * for it and its name or otherwise  *  *  * to ask, demand and

receive all moneys due or to become due on the said contract and to prosecute any legal proceedings upon said contract which Di Marco & Ciccone, Inc. might do for recovery of any claim arising thereunder."

On February 18, 1936, in contemplation of the execution of the aforesaid assignment, Di Marco & Ciccone, Inc., and the plaintiff executed an agreement by which it was provided, among other things, that each should contribute $40,000 to be used as a working capital; that the profits or loss in the construction company should be shared equally, and in and by which the engagement between the parties is described as a "joint venture."

This action is brought to recover the moneys due and damages sustained in the performance of the contract. Plaintiff is the only party who did work in connection with the performance of the contract. All the claims out of which this action arises were created after the assignment aforesaid to the plaintiff. The assignment so made was consented to and approved by the Federal Emergency Administration of Public Works, contributor to the construction, and by the mayor and common council of the defendant.

■■ Plaintiff is a corporation organized under the laws of the State of New Jersey. Defendant moves to dismiss the complaint upon the ground that the court has no jurisdiction of the defendant or of the subject of the action set forth herein. The basis for the motion is the contention that this is a suit by an assignee to recover upon a chose in action; that it is not maintainable by such assignee for the reason that the assignor, a corporation of the State of New York, could not prosecute the suit in this court. Defendant claims that this suit comes within the prohibition of section 41(1), U.S.C.A. title 28, Judicial Code § 24(1), as amended by Act May 14, 1934. In my opinion, this court has jurisdiction. The purpose of the above-cited statute is to prevent the transfer of an interest in a note or other chose in action to a nonresident for the purpose of bringing suit in this court. As was stated in Hawes v. Oakland, 104 U.S. 450, 459, 26 L.Ed. 827: "This same statute * * * strikes a blow * * * at improper and collusive attempts to impose upon those courts the cognizance of cases not justly belonging to them." I do not understand that it is claimed that there was any collusion here. There is nothing to support such a claim, and it is refuted by the fact that the assignment was made before any work was done on the contract, before any claims herein arose under it, and also by the fact that the assignment was then approved by defendant's authorities.

■ The decision herein rests upon the application of the term "chose in action" as used in the statute. It seems to me that it is not intended to apply to a situation such as here where the assignment was made at the time of the execution of the defendant's contract with the assignor; where the assignment was approved by the defendant; and where the claims in suit arose entirely through operations by the plaintiff under the assigned contract after such approval. No cause of action ever existed in favor of the assignor on account of these claims.

The question has been passed upon by the courts upon comparable facts. Oak Grove Const. Co. v. Jefferson County (C. C.A.) 219 F. 858, 859, 860, is specially in point. There a contract to construct a road was made with certain individuals. Before any construction was done, the contract was assigned to the plaintiff. It subsequently brought suit to recover for materials furnished and work done under the contract after the assignment. The court there said: "The assignors never had any right to bring a suit to recover either the agreed price or the reasonable value of the materials furnished and work done by plaintiff. The right of action originally accrued to the plaintiff, it never existed until plaintiff parted with these considerations, and thereupon it vested in plaintiff and vested nowhere else." In Skelly Oil Co. v. Cassidy (C.C. A.) 298 F. 699, 700, 702, Skelly, as agent for one Cassidy, assigned to the plaintiff corporation an agreement providing for the drilling of certain oil wells. Plaintiff sued to recover for services rendered and expenses incurred by it on account of the contract. Objection to jurisdiction under section 41, title 28 U.S.C.A., was raised by answer. The court held the objection not tenable and said: "Furthermore, the cause of action set up by the plaintiff is not based upon the contract as an assigned chose in action but upon performance of the contract by it and an indebtedness arising in its favor by reason of that performance." In Bushnell v. Kennedy, 76 U.S.(9 Wall.), 387, 19 L.Ed. 736, it was held that the

restriction as to a chose in action under the eleventh section of the Judiciary Act of 1789, 1 Stat. 78 (so far as material, in effect the same as 41, supra) did not apply to rights of action based on wrongful acts. Paige v. Town of Rochester (C.C.) 137 F. 663; County of Cullman, Ala. v. Vincennes Bridge Co. (C.C.A.) 251 F. 473, 476; Conn v. Chicago, B. & Q. R. Co. (C.C.) 48 F. 177; and Commonwealth S. S. Co. v. American Shipbuilding Co. (D.C.) 197 F. 780, 785, are among the cases which support the opinions hereinbefore quoted.

■ Further, irrespective of the assignment and the citizenship of Di Marco & Ciccone, Inc., it seems to me that the defendant is estopped from raising the question of jurisdiction under section 41, supra, by reason of the fact that it consented to the assignment and the terms thereof. In other words, there was a novation, and question of the assignor's citizenship was immaterial. In Superior City v. Ripley, 138 U.S. 93, 11 S.Ct. 288, 34 L.Ed. 914, it was held that holder of an order drawn by contract accepted by the city may sue the city regardless of the contractor's citizenship. In J. I. Case Threshing Machine Co. v. Road Improvement Dist. No. 3 of Pulaski County (D.C.) 210 F. 366, it was held that the city's consenting to the assignment made a novation and that the citizenship of the contractor was immaterial. Vide also Peacock, Hunt & West Co. v. Thaggard (C.C.) 128 F. 1005; Kirven v. Virginia-Carolina Chemical Co. (C.C.A.) 145 F. 288, 290, 7 Ann.Cas. 219.

In Corbin v. County of Black Hawk, 105 U.S. 659, 26 L.Ed. 1136; Boston Safety & Deposit Co. v. City of Plattsmouth (C.C.) 76 F. 881; and Shoecraft v. Bloxham, 124 U.S. 730, 8 S.Ct. 686, 31 L.Ed. 574, cited by defendant, suits were brought to compel the specific performance of contracts entered into between one party and the assignor of the original contract. Kolze v. Hoadley, 200 U.S. 76, 26 S.Ct. 220, 50 L.Ed. 377, and Sheldon v. Sill, 49 U.S.(8 How.) 441, 12 L.Ed. 1147, were suits brought for the foreclosure of mortgages, where the mortgagor and mortgagee resided in the same state. Certain language in these and other cases, standing alone, seems to support defendant's position, but a distinction is to be made in that in one instance the right of action arises out of the assignment of the chose in action and in the other it does not. This distinction is shown in the opinion in County of Cullman, Ala., v. Vincennes Bridge Co., supra, when the court said: "The bridge company could not * * * have recovered upon any assignment of a claim by the contractors, * * * for any amount earned prior to the assignment; but assignment was provided for by the contract, and, when made, that which was afterwards earned was due primarily to the substitute contractor, and did not arise out of the assignment of a chose in action." The contract in question here does not provide for an assignment, but necessity for this was removed by the approval of the assignment by the defendant.

■ It is urged that the complaint is defective in that it does not allege that the original assignor could have maintained this action in case no assignment had been made. Naturally such an allegation is not made, since the plaintiff does not claim any such thing. Such an allegation is only necessary where party seeks to sustain jurisdiction of the court by bringing itself within the provisions of section 41, supra.

■ Plaintiff is the real party in interest. The assignment was absolute. Plaintiff is the only one who could bring the action. While it is true the assignment provided for contributions to the work to be done by both parties and a division of profits, the assignment was absolute upon its face and gave the right to plaintiff alone to sue on the contract. It is not material that certain equities do exist between the assignor and the assignee and that the assignor is entitled to receive a part of the proceeds of the suit itself. Batesville Institute v. Kauffman, 85 U.S.(18 Wall.) 151, 154, 21 L.Ed. 775, is directly in point on this question. There a lien was assigned and the assignor retained the right to return part of the proceeds. The court said: "Hirsch & Adler [assignor] had parted with their interest in the notes * * * and by their assignment had vested the entire title thereto in their assignees. The sole right of recovery is in the latter parties; and, if equities exist between them and their assignors, they are to be settled between them at their convenience and in their own manner." Vide, Fidelity & Deposit Co. of Md. v. Fidelity Trust Co. (C.C.) 143 F. 152;

Tully v. Triangle Film Corp. (D.C.) 229 F. 297; W. F. Pigg & Son, Inc. v. United States (C.C.A.) 81 F.2d 334.

In determining the question of jurisdiction based upon citizenship of the parties, the court will look only to the citizenship of the parties of record. Say the court in Beatty Oil & Gas Co. v. Blanton et al. (D.C.) 245 F. 979, 981: "The other ground is that this court has no jurisdiction because the Cumberland Producing & Refining Co., the owner of one-half of the rival lease executed January 22, 1917, is a Delaware Corporation, the same as plaintiff, and hence there is no diversity of citizenship. But the Cumberland Company is not a party to the suit, and plaintiff has a cause of action against the objecting defendants, between whom and plaintiff there is diversity of citizenship"; and in Spencer v. Standard Chemicals & Metals Corp., 237 N.Y. 479, 143 N.E. 651, 652: "The real party in interest has been defined by this court: 'If, as between the assignor and assignee, the transfer is complete, so that the former is divested of all control and right to the cause of action, and the latter is entitled to control it and receive its fruits, the assignee is the real party in interest.' Cummings v. Morris, 25 N.Y. 625. In other words, the plaintiff must have some title, legal or equitable, to the thing assigned." See, also, Memphis St. Ry. Co. v. Bobo (C.C.A.) 232 F. 708, affirmed 243 U.S. 299, 37 S.Ct. 273, 61 L.Ed. 733.

The motion must be denied.