**WILSON v. ALLIANCE LIFE INS. CO.**
No. 9082.

Circuit Court of Appeals, Fifth Circuit.
Dec. 16, 1939.

Geo. M. Hopkins, of Denton, Tex., for appellant.

Mack L. Vickrey, of Dallas, Tex., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

After much elaborate and unnecessary pleading the simple facts were found by the court and are uncontested here. They are: On April 4, 1923, Jim and Lizzie Cunningham, apparently in Texas, and citizens of Texas, gave a note for $3,000 to Commerce Farm Credit Company, a Texas corporation, and secured it by a deed of trust on land in Texas. The note promised to pay ten percent attorney's fees if sued and the deed promised to keep the buildings insured and to reimburse the holder of the note if he paid the premiums. A month later the papers were transferred by Commerce Farm Credit Company to Peoria Life Insurance Company, a corporation of Illinois. In May, 1930, the Cunninghams sold the land to Mrs. Modena Wilson, a citizen of Texas, who in the deed to her expressly assumed to pay the obligations of the Cunninghams. In November, 1933, Peoria Life Insurance Company was put in liquidation and Charles V. O'Hearn was appointed receiver. In May, 1936, in the district court the receiver sued Modena Wilson on the note and her assumption, and prayed a foreclosure on the land, naming as defendants other persons, citizens of Texas, who claimed an interest in the land. In his suit he asked to recover $2,756.25 as principal, $53.49 advanced insurance premiums, and ten percent attorney's fees, besides interest, asserting that a principal sum of more than $3,000 was involved, and that diverse citizenship existed as above. Sept. 2, 1936, Modena Wilson, applying for relief under Sect. 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, was adjudicated a bankrupt under Subsection s; but she died Sept. 16, 1937, and on May 14, 1938, the bankruptcy proceedings

were dismissed. Her administrator appealed but obtained no supersedeas, and the dismissal was affirmed. Wilson v. Alliance Life Ins. Co., 5 Cir., 102 F.2d 365. Meanwhile, on Sept. 10, 1937, the receiver transferred the note and lien and cause of action to Alliance Life Insurance Company. On March 12, 1938, this assignee applied to be substituted for and stand in the place of the receiver, and to have the same relief he had prayed for. The substitution was allowed, the administrator of Mrs. Wilson was made party, and a trial was had and decree entered for the substituted plaintiff Jan. 6, 1939, while the bankruptcy appeal was pending.

■ There being no supersedeas, the bankruptcy proceeding stood dismissed and was no obstacle to the foreclosure. The plaintiff merely took the chance of having to vacate the foreclosure decree if the bankruptcy case should be reversed on appeal.

The appellant next contends that O'Hearn as receiver had no right to sue outside the State of his appointment, that there was no real suit till Alliance Life Insurance Company appeared in it and at that time Mrs. Wilson was dead, and the suit had abated for that reason; and that the probate court was engaged in administering her estate, so that the claim could only be presented there and could not be sued in court; citing Cole v. Franklin Life Ins. Co., 5 Cir., 93 F.2d 620. It is also contended that if presented in the probate court, by Rev.Civil Stats. of Texas, Art. 3515a, Vernon's Ann.Civ.St.Tex. art. 3515a, only one-half of the promised attorney's fee would be allowable, so that there was not enough in controversy to give federal jurisdiction.

■ Appellant is correct in asserting that an ordinary court receiver, since he has not title and is only the arm of the court appointing him, has no function outside the territorial jurisdiction of his court. But O'Hearn was not such, but was a statutory receiver appointed to liquidate Peoria Life Insurance Company under a statute of Illinois, (Smith-Hurd Rev. Stats. Sect. 498, Chap. 73), by which he is "vested by operation of law with title to all of the property, contracts and rights of action of such company as of the date of the order so directing liquidation." See O'Malley v. Hankins, 207 Ind. 589, 194 N.E. 168. Such a receiver, having full title to the assets, may sue anywhere as other owners may. Relfe v. Rundle, 103 U.S. 222, 26 L.Ed. 337; Converse v. Hamilton, 224 U.S. 243, 32 S.Ct. 415, 56 L.Ed. 749, Ann.Cas.1913D, 1292; Clark, Receiver v. Willard, 292 U.S. 112, 54 S.Ct. 615, 78 L.Ed. 1160; Carpenter v. Pink, Tex. Sup., 124 S.W.2d 981. O'Hearn's suit was regular and valid.

■ It was not abated by the death of Mrs. Wilson, but stood against her administrator or executor, who could defend it voluntarily, or be made a party by scire facias. 28 U.S.C.A. § 778. This is also the law of Texas, Rev.Civ.Stats. Art. 2080. Lauraine v. Ashe, 109 Tex. 69, 191 S.W. 563; Farmers' & Merchants' Nat. Bank v. Jones, Tex.Civ.App., 254 S.W. 251. The judgment, if recovered against the administrator or executor, is certified to the probate court. Art. 2222, and cases above cited. Exactly this was done in the present case. There was no breach of comity in the federal court so acting; and the more clearly so because the mortgage foreclosure was quasi in rem and the federal court had assumed jurisdiction of the res before the probate court began its proceeding.

■ Despite the plenitude of pleading, Alliance Life Insurance Company did not start a new suit, but only applied to be made party plaintiff in place of O'Hearn. All parties continued to use the old title of the case in their pleadings. O'Hearn's case stood good, claiming a recovery of the balance of principal on the note, $2,756.25, insurance premium $53.49, and an attorney's fee of ten percent, which if figured on the note principal only would be $275.-62, besides interest. The aggregate of these three items is $3,085.34. That attorney's fees promised are a part of the principal amount involved is settled. Springstead v. Crawfordsville Bank, 231 U.S. 541, 34 S.Ct. 195, 58 L.Ed. 354. What would have been involved if the debt had been presented in the probate court and then sued is beside the mark. It had been sued and the liability to ten percent fees incured before Mrs. Wilson died. Alliance Life Insurance Company acquired this item as an incident of the transferred claim already in suit.

■ A jurisdictional difficulty is suggested in that this note was originally given to a corporation of Texas, which could not have sued it in a federal court because of lack of diversity of citizenship as respects the original makers, the Cun-

ninghams. A transferee, though a citizen of a different State, could not have sued them in a federal court. 28 U.S.C.A. § 41(1). But as against Mrs. Wilson the suit was not on the note, but on her contract to assume it. The note and deed are only the measure of the obligation she assumed. Her assumption was made when Peoria Life Insurance Company held the note and inured to it and it could have claimed federal jurisdiction to enforce the assumption, and so can its assignee, Alliance Life Ins. Company. Compare Kolze v. Hoadley, 200 U.S. 76, 26 S.Ct. 220, 50 L.Ed. 377; Superior City v. Ripley, 138 U.S. 93, 11 S.Ct. 288, 34 L.Ed. 914; Marine & R. Phosphate Manufacturing Co. v. Bradley, 105 U.S. 175, 26 L.Ed. 1034; DeSobry v. Nicholson, 3 Wall. 420, 18 L. Ed. 263.

Judgment affirmed.