## BEATTY OIL & GAS CO. v. BLANTON et al.

(District Court, E. D. Kentucky, at Covington. August 14, 1917.)

1. MINES AND MINERALS ☞79(4)—OIL AND GAS LEASE—CONSTRUCTION—PAYMENTS OF ROYALTY.

Where an oil lease, granting plaintiff the right for 10 years to explore for oil, but containing a covenant on plaintiff's part to complete a well within one year from its date or to pay the lessor certain sums for each additional year completion should be delayed, payment to be made quarterly in advance, provided that payment should be by check payable to the order of the lessors mailed to one of them or deposited to his credit in the specified bank, the bank was constituted the lessors' agent to receive payment, and payment could be made to it by check, as well as to the lessors direct.

2. MINES AND MINERALS ☞78(5)—OIL AND GAS LEASE—CONSTRUCTION—ACCEPTANCE OF ROYALTY.

Where a bank, which was made the agent of the lessors to receive payments, which entitled the lessee in an oil lease to delay completion of a well, received a quarterly payment, which required to be in advance, after the date fixed and the lessor after notice acquiesced, the lease cannot be forfeited for the lessee's failure to make the payment at the time fixed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. COURTS ⊚⇒310—FEDERAL COURTS—JURISDICTION—DIVERSITY OF CITIZENSHIP.

Where plaintiff, a Delaware corporation, sued in the District Court for Kentucky, its lessors, citizens of that state, seeking to prevent forfeiture of an oil lease, the fact that the owner of a rival lease, subsequently executed by the lessors, was also a Delaware corporation, does not deprive the federal court of jurisdiction based on diversity of citizenship; the rival lessee not being a party.

4. MINES AND MINERALS ⊚⇒78(1)—OIL AND GAS LEASE—RIGHT OF LESSEE.

An oil lease giving the lessee right for 10 years to explore for oil on the demised premises entitles him to possession of the premises for exploration purposes.

5. INJUNCTION ⊚⇒138—RIGHT TO—JURISDICTION.

Where plaintiff's cause of action against two of the defendants was to prevent waste, equity may grant him relief against other of the defendants who were aiding and abetting those committing waste, even though the cause of action primarily against such defendants might be legal rather than equitable in its nature.

In Equity. Suit by the Beatty Oil & Gas Company against Alex Blanton, S. J. Blanton, Harry Daniel, and others. On motion by plaintiff for preliminary injunction. Motion sustained as to named defendants.

B. R. Jouett, of Winchester, Ky., for plaintiff.

E. C. O'Rear, of Frankfort, Ky., for defendants.

COCHRAN, District Judge. This cause is before me on motion of plaintiff for a preliminary injunction.

[1] The defendants Alex Blanton, S. J. Blanton, and Harry Daniel have alone appeared and objected to the motion. They object to the motion on two grounds. One is that plaintiff's lease was forfeited by failure to pay the quarterly rental, due November 4, 1916, and hence it has no rights thereunder which it is entitled to have protected. The lease in question granted to the lessee the right for 10 years to explore for oil and contained a covenant on his part to complete a well within one year from its date, or pay to the lessor at the rate of 10 cents per acre for each additional year that the completion was delayed, payable quarterly in advance. Defendants contend that a failure to pay any quarterly installment of the rent as covenanted, without more, terminated the lease by forfeiture, notwithstanding there was no express clause of forfeiture. Plaintiff does not oppose this contention, and I assume it to be sound without investigation. It meets defendants here with the claim that the quarterly rental was paid on November 4, 1916, and by reason thereof the lease was not thus forfeited. The lease, as to the payment of the rental, provided that it should be "by check payable to the order of the parties of the first part, mailed to Alex Blanton to Alcorn, Ky., or deposited to Alex Blanton's credit in W. B. Williams & Sons' Bank." Thereby the bank was constituted the lessors' agent to receive payment of the rent and it would seem that it was sufficient to make payment to it by check as well as to the lessors directly.

[2] Under the evidence I am constrained to hold that the lease was not forfeited by the failure to pay this rental. The defendants

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

have themselves established that the rental was paid not later than November 10, 1916. On that date the bank notified the lessors by postal card that it had been paid, and defendants have produced the card giving the notice. I think the evidence warrants the conclusion that the check for the rental was deposited on the 4th. But if it is open to claim that it was not, and that it was deposited on a later date, before or on the 10th, this was sufficient to save the forfeiture. The bank was the lessors' agent. It accepted the check as payment. The lessors had not theretofore notified it not to accept it after the due date. And after they received notice of the payment they did not repudiate it, but acquiesced in it.

[3] The other ground is that this court has no jurisdiction because the Cumberland Producing & Refining Company, the owner of one-half of the rival lease executed January 22, 1917, is a Delaware corporation, the same as plaintiff, and hence there is no diversity of citizenship. But the Cumberland Company is not a party to the suit, and plaintiff has a cause of action against the objecting defendants, between whom and plaintiff there is diversity of citizenship.

[4, 5] Plaintiff under its lease is entitled to possession of the leased premises for the purpose of exploration. The Blantons, the lessors, are preventing him from taking possession and siding with the rival lease. In Lindlay v. Raydure (D. C.) 239 Fed. 928, 938, I noted that a lessee under such a lease cannot bring ejectment to recover possession, relying mainly on Judge Lurton's opinion in the Tennessee case. It is held otherwise in Barnsdall v. Bradford Gas Co., 225 Pa. 338, 74 Atl. 207, 26 L. R. A. (N. S.) 614. I am inclined to think that this is the better doctrine. If so, it does not follow that plaintiff cannot maintain this suit against the Blantons. It only follows that as to them the case should go to the law docket.

But possibly by virtue of the act of February 26, 1906 (section 2366a, Kentucky Statutes), the relation between the Blantons and plaintiff is a trust one, and their refusal to permit it to enter is a breach of trust of which equity has jurisdiction. However, the cause of action against Daniel and Morris is equitable, to wit, to prevent waste, and this is sufficient to justify the granting of equitable relief against the Blantons also, particularly so as by their conduct they are aiding and abetting Daniel and Morris. I cannot see why the fact that this court has no jurisdiction to grant relief against the Cumberland Company is any reason why relief should not be granted against the objecting defendants, to which the plaintiff is entitled.

The motion for preliminary injunction is sustained. It should be limited to the Blantons and Daniel. Parsons, Harrison, and Foster are not wronging plaintiff, and Morris does not seem to be before the court.