HUDSON et al. v. BISHOP.

(*Circuit Court, N. D. Iowa, E. D.* May 27, 1889.)

COURTS—FEDERAL JURISDICTION—SUITS BY ASSIGNEES—PLEADING.

In an action in a circuit court, brought under the provisions of act Cong. 1875, authorizing an assignee of a chose in action to sue, the complaint must show that the assignor possessed the requisite citizenship to have maintained the action in that court.

At Law. On demurrer to amended petition.
*Lewis & Pfund* and *Henderson, Hurd, Daniels & Kiesel,* for plaintiff.
*Gilger & Harrison,* for defendant.

SHIRAS, J. This cause was heretofore submitted to the court upon a demurrer to the original petition, and in passing on the question thus presented it was held that the four-years limitation found in the section of the statute of Wisconsin under which the guardian's bond was executed must be held, in favor of the sureties, to be part of the conditions of the bond, and that the surety might avail himself of this defense in

any forum in which suit on the bond was brought. See 32 Fed. Rep. 519, and 35 Fed. Rep. 820. The section of the Wisconsin statute providing the limitation in question further provides that if the party suing has been under a disability to sue by reason of minority or the like, the four-year period of limitation does not begin to run until the removal of such disability. In the original petition filed in the cause it was averred that Mary Elizabeth Hudson, one of the wards named in the bond, had in writing assigned her interest to John Hudson, and the suit was brought by James Hudson and John Hudson in his own right and as assignee of the rights of Mary Elizabeth. After the ruling on the demurrer to the original petition, the action as to James Hudson was dismissed, and was continued on behalf of John Hudson, as assignee of Mary Elizabeth, an amendment to the petition being filed, in which it is averred that at the time of the discharge of the guardian said Mary Elizabeth was a minor, which disability continued until within four years before the bringing of this action. To the petition as thus amended defendant again demurs, and counsel have argued at length the question whether under the provisions of the statute of Wisconsin the sureties upon a guardian's general bond can be held liable for the proceeds of realty sold by the guardian under the order of the probate court of Wisconsin. Before this question can be determined it is necessary to consider the question of jurisdiction. As I now understand the condition of the record, the sole plaintiff is John Hudson, and he sues to recover the amount claimed to be due Mary Elizabeth Hudson. It does not appear upon the record of what state she was a citizen when the action was brought, and therefore it does not appear that this court could have taken jurisdiction of the action had it been brought in her name. Under the provisions of the act of 1875, in force when this action was brought, an assignee of a chose in action founded on contract cannot maintain an action in the federal court unless his assignor could so maintain it. *Corbin* v. *Black Hawk Co.*, 105 U. S. 659; *Shoecraft* v. *Bloxham*, 124 U. S. 730, 8 Sup. Ct. Rep. 686. The record fails to show jurisdiction and the court must therefore refuse to further proceed, unless by amendment it can be shown that when the action was brought Mary Elizabeth Hudson was a citizen of a state other than Iowa. If the facts justify it, leave is granted to plaintiff to amend in this particular. For the consideration of counsel, in the event that the cause is shown to be within the jurisdiction of the court, I wish to suggest that the questions discussed in the briefs of counsel touching the liability of the surety on the guardian's general bond for the proceeds realized from the sale of realty cannot be fairly presented upon the record as it now stands, for the reason that the facts are not fully made known. If counsel are seeking to save expense of taking testimony by thus endeavoring to present the question by demurrer, then the facts as they exist should be averred in the petition more fully. As the record now stands the court cannot say whether any portion of the money coming into the hands of the guardian was derived from a sale of realty, nor, if it was, under what circumstances. If a sale of realty was in fact ordered by the court, and a special bond given thereon, it should be

made to appear, as well as any action or orders made by the probate court touching the proceeds thereof. If this is not done in the pleadings in some form it will have to be presented by the evidence.