## KOLZE v. HOADLEY.

### APPEAL FROM· THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 91.   Submitted December 5, 1905.—Decided January 2, 1906.

In construing § 1 of the act of August 13, 1888, which provides that Circuit and District Courts shall not have cognizance of suits to·recover the contents of any promissory note or chose in action in favor of an assignee or subsequent holder unless the suit could have been prosecuted in such court, if no assignment or transfer had been made, this court has held that:

A suit to recover the contents of a promissory note or other chose in action is a suit to recover the amount due upon such note, or the amount claimed to be due upon an account, personal contract or other chose in action.

A suit to foreclose a mortgage is within the inhibition of the act, and can only be maintained where the assignor was competent to file the bill.

The bill or other pleading must contain an averment showing that the .suit could have been maintained by the assignor if the assignment had not been made.

A suit may be maintained between the immediate parties to a promissory note as indorser or indorsee, provided the requisite diversity of citizenship appears as between them, or upon a new contract arising subsequently to the execution of the original, notwithstanding a suit could not have been maintained upon the original contract, and in such case the original contract may be considered to ascertain the amount of damages.

Although an action of fraud might be sustained upon the facts involved in an action where the requisite diversity of citizenship exists if the suit is in substance one to foreclose a mortgage, and it appears by the bill that the fraud is a mere incident, the suit is one within the meaning of § 1 of the act of August 13, 1888, and will not lie in a Federal court unless plaintiff's assignor might have maintained the bill had no transfer been made.

THIS was an appeal from a decree of the Circuit Court in favor of the plaintiff, Charlotte E. Hoadley, a citizen of Massachusetts, against Abraham L. Day and other defendants, among whom were Fred H. Kolze, administrator of the estate of Frederich Kolze, deceased; Lina Kolze, his widow; Louisa Kolze, his daughter, and Charles E. Stade, trustee, all citizens of Illinois, foreclosing three trust deeds given by Day to secure

promissory notes in the aggregate amount of $5,400. The appeal was granted solely upon the question of jurisdiction.

The point involved requires a statement of facts at some length. They are substantially as follows:

Frederich Kolze sold and conveyed certain real estate to Day by warranty deed dated and acknowledged November 15, 1897, for a stated consideration of $45,000, namely, $1,000 in cash and the remainder in notes secured by trust deeds. To secure such notes Day executed three trust deeds to one Stade as trustee, conveying the real estate in question, which were dated November 17 and acknowledged and recorded November 24, 1897. Kolze thereupon intrusted the notes and trust deeds to Stade, a nephew, in whom he seemed to have great confidence, the notes being executed by Day to his own order and by him indorsed in blank.

On February 17, 1898, Stade took the notes and trust deeds securing the same and pledged them to Charlotte E. Hoadley as collateral security to his own notes, upon which Hoadley then advanced, or secured to be advanced, a large sum of money.

By deed dated and acknowledged November 23, 1897, but not delivered or recorded until June 30, 1898, Day reconveyed the premises to Kolze, and by deed of release, dated and acknowledged October 27, 1898, and recorded October 29, 1898, Stade as trustee fraudulently released said three trust deeds to Kolze, reciting a consideration of one dollar and other valuable considerations, and further reciting that the notes secured thereby had been cancelled.

By deed dated October 29, 1898, Kolze, now deceased, and the appellant, Lina Kolze, his wife, conveyed said premises to Louisa Kolze, their daughter, upon an expressed consideration of $12,000, although the grantee was not a *bona fide* purchaser, and said conveyance was made to her to hold for the benefit of the family.

For the ostensible purpose of securing the payment of the purchase money, said Louisa Kolze executed a trust deed to

secure her promissory note of $10,000, to Percy V. Castle, as trustee. This deed was dated October 27, 1898, acknowledged October 28, 1898, and recorded October 29, 1898, the appellant Fred H. Kolze, as administrator of the estate of his father, being the owner of said notes and trust deeds, subject, as was alleged, to the rights of the plaintiff Hoadley.

Subsequently, on or about April 21, 1899, the notes and trust deeds of Day, upon default by Stade in the payment of his note, were sold in accordance with the terms of the collateral note, and were bought in by and became the property of the appellee Hoadley.

The bill prayed that the release deed executed by Stade to Frederich Kolze be declared fraudulent and void as against the notes and trust deeds executed by Day and now owned by the plaintiff; that the rights of all the defendants be declared subject to those of the plaintiff under the notes and deeds held by her; that a receiver be appointed and an account had, and the defendants be decreed to pay whatever was due under the notes and trust deeds, and in default thereof that the premises be sold and the defendants be held liable for any deficiency upon such sale, and that they all be foreclosed of their right of redemption.

The defendants moved to dismiss the amended bill for want of a proper allegation of diversity of citizenship, which was overruled; and thereupon defendants interposed a plea to the jurisdiction upon the ground that the defendants were all citizens of the State of Illinois; that the suit was brought by plaintiff as the assignee of one William P. Smith, to whom the notes had been hypothecated by Stade to secure his (Stade's) note, and also to secure Smith for the faithful performance by Stade of a certain contract of employment; that upon the failure of Stade to pay his note and carry out his contract said mortgage notes and trust deeds signed by Day were sold on or about April 21, 1899, and were bought in by and became the property of the plaintiff; that Stade and Smith, "the successive assignors" of the appellee, were citizens of the

State of Illinois, the same State of which Day, the maker of the notes was also a resident, and that by reason of the fact that said suit could not have been prosecuted in a Federal court, if no transfer or assignment had been made, the Circuit Court had no jurisdiction of the case.

This plea was held to be insufficient, and the defendants failing to answer, were defaulted, and a decree thereafter entered to the effect that Stade as trustee had fraudulently released the trust deeds; that the trust deeds were valid as liens upon the premises; that the rights of Louisa Kolze, subsequent grantee under the warranty deed, as well as the deed of Kolze, were subject and subsequent to the rights of the plaintiff as the owner of the notes and deeds signed by Day; that the property be sold and the defendants foreclosed of their equity of redemption.

Thereupon defendants appealed to this court solely upon the question of jurisdiction.

*Mr. John T. Richards* for appellants:

The Circuit Court shall have no jurisdiction over suits for the recovery of the contents of promissory notes or other choses in action brought in favor of assignees or transferees, except over (1) suits upon foreign bills of exchange; (2) suits that might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made, and (3) suits upon choses in action payable to bearer and made by a corporation. Sec. 1, act of March 3, 1887, c. 373, 24 Stat. 552, as corrected by act of August 13, 1888, c. 886, 25 Stat. 433. *Newgass* v. *New Orleans,* 33 Fed. Rep. 196; *New Orleans* v. *Quinlan,* 173 U. S. 191; 1 Foster's Federal Practice, 3d ed., 82.

The phrase "suits to recover the contents of a chose in action" includes suits to foreclose mortgages. Black on Mortgages, 567; 1 Foster's Fed. Prac., 83. Hence when mortgagor and mortgagee are citizens of the same State, an assignee of the mortgagee, though a citizen of another State, cannot maintain a bill for foreclosure in the Federal courts. Black

on The Law of Mortgages and Deeds of Trust, 567, citing *Sheldon* v. *Sill*, 8 How. 441; *Shoecraft* v. *Bloxham*, 124 U. S. 730; *Blacklock* v. *Small*, 127 U. S. 96; *Hill* v. *Winne*, Fed. Cases, No. 6503.

Where Federal jurisdiction is dependent upon the citizenship of the plaintiff's assignor at time of commencement of suit, the citizenship of the latter must affirmatively appear somewhere in the record. *Robertson* v. *Cease*, 97 U. S. 649; *Anderson* v. *Watt*, 138 U. S. 702; *North American Trans. Co.* v. *Morrison*, 178 U. S. 267.

The defect is ground for a motion to dismiss at any stage of the proceedings. *Florida Cent. R. R. Co.* v. *Bell*, 176 U. S. 327; *Blackburn* v. *Portland Gold M. Co.*, 175 U. S. 574; *Municipal Ins. Co.* v. *Gardiner*, 62 Fed. Rep. 954.

But the court should of its own motion dismiss the suit whenever it discovers the defect. *N. Am. Trans. Co.* v. *Morrison*, 178 U. S. 267; act of 1875, 18 Stat. 472, c. 137. The dismissal in accordance with the above section may be ordered upon motion of the defendant or by the court of its own motion. *Wetmore* v. *Ryder*, 169 U. S. 120; *Nashua &c. Ry. Co.* v. *Boston*, 136 U. S. 356, 374; *Mexican Cent. R. R. Co.* v. *Pinkney*, 149 U. S. 200; *Lake Co. Commrs.* v. *Dudley*, 173 U. S. 243.

The design of the act of 1875 was to impose a peremptory duty to dismiss whenever it is properly made to appear that the court has no jurisdiction. *Lake Co. Commrs.* v. *Dudley*, 173 U. S. 243; *Morris* v. *Gilmer*, 129 U. S. 315, 325; *Anderson* v. *Watt*, 138 U. S. 694. It is the duty of the Supreme Court on appeal to see that the jurisdiction of the Circuit Court has in no respect been imposed upon. *Morris* v. *Gilmer, supra; Nashua &c. Ry.* v. *Boston, supra.*

*Mr. Herman W. Stillman* for appellee:

The three acts passed relating to the enforcement of promissory notes and choses in action in the United States courts, by assignees, are § 11 of the Judiciary Act of 1789; the act of

March 3, 1875; and the act of March 3, 1887, as corrected by the act of August 13, 1888. See *New Orleans* v. *Quinlan*, 173 U. S. 191.

The purpose of the restriction as to suits by assignees was to prevent the making of assignments of choses in action for the purpose of giving jurisdiction to the Federal courts, and in construing it the courts will look to the spirit of the act, and will consider the real relation of the parties. If it appears from all the circumstances that the assignment could not have been colorable for the purpose of conferring jurisdiction, then, the reason of the restriction being gone, the jurisdiction of the United States courts will attach. *Holmes* v. *Goldsmith*, 147 U. S. 150; *Farmington* v. *Pillsbury*, 114 U. S. 138.

The restriction against suits by assignees of promissory notes or choses in action in United States courts, "unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made," has reference to diverse citizenship only. No disqualification of the assignor, other than want of diverse citizenship, will prevent suit by the assignee. *Chase* v. *Sheldon Roller-Mills Company*, 56 Fed. Rep. 625; *Bowden* v. *Burnham*, 59 Fed. Rep. 752.

The language of the act implies, in order that the denial of jurisdiction at the suit of an assignee shall apply, that, but for the assignment, a claim would exist on the part of the assignor against the original debtor. When a claim would not exist on the part of the assignor, had no assignment been made, the reason of the act will be wanting, and jurisdiction will attach. Cases *supra* and *National Bank* v. *Stove Works*, 56 Fed. Rep. 321.

Jurisdiction depends upon the status of the parties at the commencement of the suit. *Emsheimer* v. *New Orleans*, 186 U. S. 33.

The Circuit Court of the United States has jurisdiction of a suit brought by the indorsee of a promissory note against his immediate indorser, whether a suit would lie by the in-

dorser against the mortgagor or not, upon the ground that the indorsee does not claim through an assignment, but upon a new contract between himself and the indorser. *Young* v. *Bryan,* 6 Wheat. 146; *Superior* v. *Ripley,* 138 U. S. 93; *Conolly* v. *Taylor,* 2 Pet. 556.

Under the circumstances of this case the principal relief sought was the setting aside of the release deed. Having jurisdiction for that purpose, the court properly retained it for complete relief. *Ober* v. *Gallagher,* 93 U. S. 199; *Deshler* v. *Dodge,* 16 How. 622.

MR. JUSTICE BROWN, after making the foregoing statement, delivered the opinion of the court.

The sole question presented by the record in this case is whether this is a suit to recover the contents of a chose in action, in favor of an assignee, which could not have been prosecuted if no assignment or transfer had been made.

By section 1 of the act of August 13, 1888, it is provided that no Circuit nor District Court "shall have cognizance of any suit . . . to recover the contents of any promissory note or chose in action in favor of any assignee, or of any subsequent holder, . . . unless such suit might have been prosecuted in such court to recover the said contents, if no assignment or transfer had been made." This language is taken from the original Judiciary Act of 1789, and has been in force, except for a few years, since the foundation of the Government.

In construing this clause the decisions of this court have settled the following propositions:

1. That a suit to recover the *contents* of a promissory note or other chose in action is a suit to recover the amount due upon such note, or the amount claimed to be due upon an account, personal contract, or other chose in action. *Sere* v. *Pitot,* 6 Cranch, 332; *Deshler* v. *Dodge,* 16 How. 622, 631; *Bushnell* v. *Kennedy,* 9 Wall. 387; *Shoecraft* v. *Bloxham,* 124 U. S. 730.

In *Corbin* v. *County of Black Hawk*, 105 U. S. 659, a suit to compel the specific performance of a contract was held to be within the statute, Mr. Justice Blatchford observing (page 665): "The contents of a contract, as a chose in action, in the sense of section 629, are the rights created by it in favor of a party in whose behalf stipulations are made in it which he has a right to enforce in a suit founded on the contract; and a suit to enforce such stipulations is a suit to recover such contents."

2. That a suit to foreclose a mortgage is within the inhibition of the act, and can only be maintained where the assignor was competent to file the bill. *Sheldon* v. *Sill*, 8 How. 441; *Blacklock* v. *Small*, 127 U. S. 96.

3. That the bill or other pleading must contain an averment showing that the suit could have been maintained by the assignor if no assignment had been made. *Turner* v. *Bank of North America*, 4 Dall. 8; *Mollan* v. *Torrance*, 9 Wheat. 537; *Bradley.* v. *Rhines' Administrator*, 8 Wall. 393; *Anderson* v. *Watt*, 138 U. S. 694, 702; *Robertson* v. *Cease*, 97 U. S. 646, 649; *Brock* v. *Northwestern Fuel Co.*, 130 U. S. 341.

4. That a suit may be maintained between the immediate parties to a promissory note as indorser and indorsee, provided the requisite diversity of citizenship appears as between them, or upon a new contract arising subsequently to the execution of the original, notwithstanding a suit could not have been maintained upon the original contract. In such case the original contract may be considered to ascertain the amount of the damages. *Young* v. *Bryan*, 6 Wheat. 146; *Bank of United States* v. *Moss*, 6 How. 31; *Superior City* v. *Ripley*, 138 U. S. 93; *Mollan* v. *Torrance*, 9 Wheat. 537; *Manufacturing Company* v. *Bradley*, 105 U. S. 175.

This is primarily a suit to foreclose certain mortgages. Instead of setting up the mortgages, their maturity and nonpayment, and their assignment to plaintiff, leaving to the defendants to plead the release by Stade of October, 1898, as an extinguishment of the mortgages, she has chosen to set forth the entire facts, to attack the release as fraudulent as against

her, and to insist that the original notes and trust deeds are valid in her hands, and to pray for a foreclosure of the same.

The gravamen of the suit and the object to be attained are unaffected by the form of her bill. The suit is still in substance a suit to foreclose the trust deeds, and to remove the release as a cloud upon her title to them.

It may be that an action for fraud might have lain against the parties implicated, regardless of the citizenship of the parties from whom the plaintiff traced her title, or possibly a bill in equity to cancel the release deed of Stade and remove a cloud from the title. But where a bill is filed to foreclose a mortgage, and it appears by the bill itself that the mortgage has been fraudulently released to the mortgagor by a deed of which plaintiff had no notice, and the fraud is a mere incident, the bill is still one to recover the contents of a mortgage within the meaning of the act, and will not lie in a Federal court unless the plaintiff's assignor might have maintained the bill, if no assignment or transfer had been made. It would advantage the plaintiff nothing to obtain a cancellation of the release without also foreclosing the mortgage in the same or a subsequent suit, while a right to foreclose the mortgage could not be established without incidentally avoiding the release.

In this aspect of the case it would seem to be immaterial whether the plaintiff derived her title directly from Stade, to whom she had advanced money and afterwards purchased the notes and trust deeds, as alleged in the bill, or through William P. Smith, who had obtained the notes and trust deeds from Stade, his debtor, since both Stade and Smith were citizens of the State of Illinois, and the inhibition of the statute would apply in either case.

The case of *Blacklock* v. *Small*, 127 U. S. 96, is similar, and we think practically decisive of the one under consideration. A suit was brought in the Circuit Court for South Carolina by two daughters of John F. Blacklock, who were citizens of Georgia, against certain defendants, who were citizens of South Carolina. It seems that Blacklock had sold a house and lot in

Charleston to the defendant Small, who had given back a bond
and mortgage to secure a portion of the purchase money; that
Blacklock subsequently assigned the bond to Alexander Rob-
inson in trust, for his (Blacklock's) children; that Small pre-
tended to pay the bond by making payment to Robinson in
Confederate treasury notes; that upon receipt thereof, Robin-
son satisfied the mortgage and delivered up the bond to Small;
that Robinson, in receiving such payment, violated his duty,
and was guilty of a breach of trust; that Small, in attempting
to pay the debt in illegal currency, with full notice of the trust,
had not paid the debt; that the satisfaction of the mortgage
was void; that its lien was still subsisting, and that Small was
still liable for the amount due upon the bond. It was held that,
as the suit was one against Small, founded upon contract,
namely, his bond and mortgage in favor of plaintiffs, who
claimed only under the assignment made by their father, John
F. Blacklock, to the defendant Robinson, such suit would not
lie, inasmuch as plaintiff's assignor, John F. Blacklock, was a
citizen of South Carolina and of the same State as Small. In
answer to this it was insisted that the suit should not be con-
sidered as one founded upon the contract of Small, but as one
for the delivery of the bond and mortgage by Small to the
plaintiffs, founded on their wrongful detention, and that the
foreclosure and sale of the premises prayed for was merely an-
cillary and incidental. The contention was held to be unsound,
Mr. Justice Blatchford saying that the bill was clearly one for
a decree for the amount of the bond and a sale of the mort-
gaged premises. In other words, the foreclosure and sale were
treated as the main objects of the bill, and the breach of trust
of Small as a mere incident. The cases of *Deshler* v. *Dodge,* 16
How. 622, and *Bushnell* v. *Kennedy,* 9 Wall. 387, were cited and
distinguished.

By analogy to *Blacklock* v. *Small,* we think the gravamen of
this case must be treated as the foreclosure of the trust deeds
in question, and the prayer for a cancellation of the release
given by Stade to Frederich Kolze as a mere clearing of the way

to a decree establishing the title of the plaintiff to the notes and trust deeds. As the plaintiff is thus compelled to trace her title through Stade or Smith, who are both citizens of Illinois, and neither of whom could have prosecuted this suit, she is affected by the same incompetency.

The case of *Holmes* v. *Goldsmith*, 147 U. S. 150, on which the plaintiff relies, is not in point. That was an action by a non-resident against the maker of a note, who had signed it entirely for the benefit of the payee, who was really the party for whose use it was made. The maker and payee were citizens of the same State. The plaintiff, a *bona fide* holder, had paid full value for it to the payee, who had indorsed it to him. It was held the court had jurisdiction; that evidence showing the real relation of the parties was admissible, and that the jurisdiction of the Circuit Court "was properly put by the court below upon the proposition that the true meaning of the restriction in question was not disturbed by permitting the plaintiffs to show that, notwithstanding the terms of the note, the payee was really a maker or original promissor, and did not, by his indorsement, assign or transfer any right of action held by him against the accommodation makers."

*The decree of the Circuit Court is therefore reversed, and the case remanded to that court with instructions to dismiss the bill.*