## FISCHER–SCHEIN SYNDICATE et al. v. LEE et al.

(Circuit Court of Appeals, Seventh Circuit.  January 5, 1924.)

No. 3308.

1. **Courts ☞347—Verification of bill held not sufficient to meet equity rule.**
   Verification of a bill before a deputy clerk of a city court *held* not sufficient to meet the requirements of equity rule 36.

2. **Courts ☞275—Jurisdiction of local suit; bill held insufficient.**
   An assignee of certificates of shares of or in an unincorporated syndicate, whose shareholders are owners of its property, cannot maintain a bill to establish a lien on such property, which will give a federal court jurisdiction as of a local suit, under Judicial Code, § 57 (Comp. St. § 1039), on an allegation of false representations made to the assignors many years before.

3. **Equity ☞97—Bill held not to make complainant representative of a class.**
   Complainant, in a bill filed in her own behalf as holder of certificates in a syndicate, and in behalf of such other certificate holders or creditors as might intervene, *held* not suing as representative of a class.

4. **Joint-stock companies and business trusts ☞23—All shareholders held indispensable parties to suit to wind up syndicate.**
   In a suit to wind up the affairs and distribute the assets of an unincorporated syndicate all the shareholders are necessary and indispensable parties.

5. **Courts ☞312(1)—Suit held not maintainable in federal court by assignee of chose in action.**
   Under Judicial Code, § 24 (Comp. St. § 991), a federal court *held* without jurisdiction of a suit by an assignee, as owner of a certificate of shares in an unincorporated syndicate, where the suit could not have been prosecuted in that court by the assignor.

Appeal from the District Court of the United States for the Eastern District of Illinois.

Suit in equity by Anna Lee and others against the Fischer-Schein Syndicate, the Mon-Clair Realty Company and others. Defendants appeal from an order refusing to vacate a restraining order. Reversed, with direction to dismiss bill.

L. O. Whitnel and Josiah Whitnel, both of East St. Louis, Ill., for appellants.

A. B. Dennis, of Danville, Ill., for appellees.

Before BAKER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. Appellants, original defendants, challenge the jurisdiction of the District Court, first, because of want of capacity in Anna Lee, plaintiff appellee, to sue; second, because the bill was not properly verified; third, because there is shown no diversity of citizenship.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In 1915 the Fischer-Schein Syndicate, a voluntary organization, was formed under a written agreement. Its signers were subscribers to what may be termed the syndicate's capital stock, for which certificates were issued to the individual defendants, the managers of the syndicate business, and a large number of others, who were signers, including one Eva Metzger and her daughter, Mathilda Wenger. Appellee was not a signer. The general purpose of the organization was to do a real estate and loan business. The syndicate, some time in 1922, changed its name to, and was thereafter known as, Mon-Clair Realty Company. Eva Metzger and Mathilda Wenger, residents and citizens of Illinois, becoming dissatisfied, made, on April 6, 1923, an alleged sale of their certificates to appellee, a resident and citizen of Missouri.

On May 19, 1923, appellee filed her bill in the United States District Court for the Eastern District of Illinois, naming appellants only as defendants, and alleging herself to be a citizen and resident of Missouri, and that the defendants were citizens and residents of the Eastern district of Illinois. The prayer of the bill is: (1) For subpœna for named defendants; (2) that the court order service by publication or otherwise, as provided in section 57 of the Judicial Code (Comp. St. § 1039), on all defendants not residing within the Eastern district of Illinois, although no such defendants are named; (3) for a restraining order and a receiver to wind up the syndicate business; (4) while the plaintiff says that she brings the suit on her own behalf and on behalf of other *bona fide certificate holders*, share owners, and *creditors* of said defendant Fischer-Schein Syndicate and Mon-Clair Realty Company, who may intervene in the cause, yet her prayer further is that *she* may be decreed to have an equitable lien upon all of the property of the "said defendant association" (there is no such prayer on behalf of others who might intervene); (5) for general relief.

There was at the time of suit a large number of persons holding syndicate certificates identical, except as to amount, with those of the plaintiff. Some of the certificate holders resided in and were citizens of the state of Missouri. One resided in Arizona, and others at various places outside of the Eastern district of Illinois. Most of the matters charged against the defendants happened, if at all, long before plaintiff had any interest in the certificates that are the basis of this suit. No one states the facts involved in the alleged sale, and we are of opinion, from the facts that do appear in the record, that the sale was colorable only, and made for the purpose of giving jurisdiction to the federal court.

[1] 1. The affidavit in support of the bill was sworn to before a deputy clerk of the city court of East St. Louis. Upon the bill and that affidavit alone, the court, on the day the bill was filed, without notice and without requiring bond from the plaintiff, issued a broad restraining order against all defendants, and at the same time appointed a receiver and appointed appellee's attorneys as attorneys for the receiver. The verification of the bill was insufficient to meet the requirements of equity rule 36.

[2] 2. Four days after the granting of the restraining order, defendants filed verified answers, circumstantially denying every material allegation in the bill.  On June 2, 1923, Charles A. Hartnett, describing himself as a certificate holder and a *creditor* of the syndicate company, filed an intervening petition, by permission of court, in the form of an answer and a cross-bill, in which he states that his cross-bill is brought to dissolve a partnership, distribute the assets, and for the appointment of a receiver and for injunction.  There is no prayer for subpœna and no new parties defendant are named.  Anna Kettler and August Heise, citizens and residents of the Eastern district of Illinois, were permitted to intervene, and they filed their petition on June 8, 1923, which is substantially an adoption of plaintiff's bill and prayer for relief.  The court denied a petition to vacate the restraining order and refused to dismiss the bill.

It is urged that appellee's bill is brought under section 57 of the Judicial Code to enforce a lien upon real estate, and that therefore the District Court, in the district where the real estate is situated, had the right to entertain the bill.  The allegation made to bring the bill within the provision stated is as follows:

"Sixteenth—Your complainant further shows that this suit is brought to enforce an equitable lien upon, or claim to, or to remove an encumbrance, lien, or cloud upon the title to the personal property and real estate, within the Eastern district of Illinois, as provided by section 8 of the Act of March 3, 1875, now section 57 of the present Judicial Code."

The bill shows that appellee's suit is based upon her ownership of the syndicate certificates, issued subject to all of the provisions, terms, and conditions of the syndicate agreement.  It is not claimed in the bill that the syndicate agreement gives any lien to certificate holders, but, to support appellee's theory of a lien, it is alleged in paragraph 7 of the bill,

"That said defendants further represented in order to sell the said syndicate certificates that said syndicate certificates were in effect mortgages on the real estate owned by the said Fischer-Schein Syndicate; that they were in fact a first lien on the real estate owned by the said Fischer-Schein Syndicate, and that the holders of such syndicate certificates would have a lien for the interest, or dividend, due them on the principal, and would have similar rights to that of a holder of the usual, ordinary real estate mortgage."

Admittedly such representations were not made to appellee.  The syndicate agreement, signed by Mathilda Wenger and Eva Metzger, and in possession of appellee's attorney months before that allegation was made, shows that certificate holders had no such rights.  Mathilda Wenger's affidavit, filed on behalf of appellee, does not show that any certificates were bought on the faith of any such representations.  Appellee cannot maintain a bill to establish a lien upon the real estate and other property of the syndicate because of false representations made many years before to Mathilda Wenger and Eva Metzger.  27 Corpus Juris, 4;  Western Union Tel. Co. v. Schriver, 141 Fed. 538, 542, 72 C. C. A. 596, 4 L. R. A. (N. S.) 678;  Cheney v. Dickinson, 172 Fed. 109, 96 C. C. A. 314, 28 L. R. A. (N. S.) 359.

Hartnett, in his cross-bill, does ask for a lien in his own favor, but does not claim to be proceeding under the terms of section 57, nor on behalf of any one else.  He avers:

"This cross-bill is brought to dissolve a partnership and distribute the assets thereof, and for the appointment of a receiver and for injunction."

Fairly considered, appellee's original bill is nothing more. The holders of the syndicate certificates are not lien holders, but are owners of the syndicate property, and possibly liable as partners, though that question is not before us. Jones v. Gould, 149 Fed. 153, 80 C. C. A. 1.

[3] 3. It is urged that this is a class suit, brought by appellee on behalf of all similarly situated, and that therefore the court's jurisdiction is not affected by the fact that certificate holders are residents of the same state with plaintiff, or that there are others, not made parties, who are not residents of either Missouri or Illinois. The suit is not brought on behalf of appellee and all other certificate holders, but the language of the bill is:

"Wherefore, and by reason of the premises your complainant on behalf of herself, individually, and as syndicate certificate holder, and owner of the undivided share, the assets of the said Fischer-Schein Syndicate, and in behalf of all other bona fide certificate holders, share owners and creditors of the said defendant, Fischer-Schein Syndicate, and the Mon-Clair Realty Company, who may be intervened in this cause," etc.

What the pleader probably intended to say in the above paragraph was that the suit was brought by appellee on her own behalf and on behalf of all others interested who might intervene. Parties who intervene can look after their own interests. Other than stated, there is nothing in the bill that shows that appellee is prosecuting the cause on behalf of anybody other than herself, and, even if she had offered to do so, the record shows that a great majority of the certificate holders regard their interests as wholly opposed to those of appellee. Appellee is not entitled to stand in this litigation as a representative of a class. Watson v. Huntington, 215 Fed. 472, 131 C. C. A. 520.

[4] 4. The prayer in both the original bill and in the Hartnett cross-bill asks for the winding up and dissolution of the syndicate affairs, the payment of the debts and distribution of the assets, which, if accomplished, would finally and fully dispose of all of the rights, not only of the creditors, but the interests of the syndicate certificate holders, and all the certificate holders are necessary and indispensable parties. Appellee's theory of a lien in her favor, as prayed, is antagonistic, not only to Hartnett's claim as a creditor, but to his theory of relief set out in his cross-bill. The certificate holders, as such, are not made parties defendant. Niles-Bement Co. v. Iron Moulders' Union, 254 U. S. 77, 80, 41 Sup. Ct. 39, 65 L. Ed. 145. Hartnett, Wessel, and other persons not made parties defendant were citizens and residents of the state of Missouri, where the plaintiff was a citizen and a resident. As there can be no alignment because of identity of interest between appellee and the other residents and citizens of Missouri, there is not that diversity of citizenship required by the statute to give the federal court jurisdiction.

[5] 5. The basis of this suit is the syndicate certificate, assigned to plaintiff, as she claims, shortly before the commencement of the suit and after the cause of action relied upon arose. It is urged by appellants that the assignment of the certificate was an assignment of a chose in action within the meaning of section 24 of the Judicial Code

(Comp. St. § 991). We are of opinion that, under the authorities, there was here an assignment of a chose in action upon which neither Mathilda Wenger nor Eva Metzger could have maintained suit in the federal court, and that consequently Anna Lee cannot maintain this suit. Shoecraft v. Bloxham, 124 U. S. 730, 8 Sup. Ct. 686, 31 L. Ed. 574; Allen West Com. Co. v. Grumbles, 129 Fed. 287, 290, 63 C. C. A. 401.

The case is reversed, with instructions to dismiss the bill.