## ST. JOSEPH LAND CO. v. MacLEAN.

Circuit Court of Appeals, Eighth Circuit.
May 11, 1929.

No. 8108.

D. A. Skeen, of Salt Lake City, Utah (A. B. Irvine and Sam D. Thurman, both of Salt Lake City, Utah, on the brief), for appellant.

Frank A. Johnson, of Salt Lake City, Utah (George Jay Gibson, A. L. Hoppaugh, Robert E. Mark, and Charles C. Dey, all of Salt Lake City, Utah, on the brief), for appellee.

Before LEWIS, Circuit Judge, and WOODROUGH and McDERMOTT, District Judges.

LEWIS, Circuit Judge. This appeal does not present for consideration the merits of the case. All of the errors assigned challenge only jurisdiction of the district court. Each assignment is, in substance: That it affirmatively appeared from the bill of complaint that jurisdiction of the court depended upon diversity of citizenship, and the plaintiff sued as assignee of a chose in action, and the assignor and defendant being citizens of the State of Utah, the court was without jurisdiction to hear and determine said cause under the provisions of section 24 of the Judicial Code as amended. The assignee clause of section 24 Judicial Code, now section 41, tit. 28, U. S. Code (28 USCA § 41) referred to and relied on here, is this:

"No district court shall have cognizance of any suit * * * to recover upon any promissory note or other chose in action in favor of any assignee, * * * unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

That question is brought here on an agreed statement, which is this:

"It is hereby stipulated that for the purpose of perfecting the record in the above entitled cause on appeal, and in lieu of formal statement of the pleadings, the following statement may be signed by the Judge of the above entitled court as a statement of the ultimate facts which are properly pleaded in the amended complaint, and the motion to dismiss, presenting to the appellate court the question of law for decision raised by the appellant herein, to wit: The question as to whether the District Court had jurisdiction to entertain this cause, and the statement as signed with the decree from which the appeal is taken shall then be certified to the appel-

late court as the record herein on appeal, the statement of the case being as follows:

"The plaintiff, Charles E. MacLean, at the time of the filing of the bill of complaint herein was, and at all times since has been, a citizen of the State of California, and a resident of the City and County of San Francisco in said State. The defendant, St. Joseph Land Company, at the time of the filing of the bill of complaint herein, and the service thereunder, was, and ever since has been a corporation created and existing under the laws of the State of Utah, and a citizen of the State of Utah, with its principal place of business at Salt Lake City, Utah. That Davis County is a public corporation of the State of Utah.

"That during the year 1921, the Bonneville Irrigation District was created and organized under the irrigation district law of the State of Utah as a municipal corporation. That approximately seventy-seven acres of land described in the decree rendered herein and made a part of this record on appeal was at all times, and now is, owned by the defendant, St. Joseph Land Company, and was situated within the limits of the said Bonneville Irrigation District, in Davis County, Utah. That upon the creation of the Bonneville Irrigation District, the Commissioners of Davis County were by law given the power to levy special assessments upon all land benefited by the District within its limits, and to place and extend the same upon the tax rolls of Davis County, and in the exercise of such power during each of the years 1921, 1922, 1923 and 1924 (all precedent steps required by law to be taken by the Directors of Bonneville Irrigation District, and all other officers, having been duly and regularly taken), the County Commissioner of Davis County levied an assessment on said land of defendant in accordance with law. That the said St. Joseph Land Company failed, neglected and refused to pay the said assessments, or any part thereof, during said years, and in an attempt to comply with the procedure outlined for the sale of the property within said Irrigation District for nonpayment of taxes and assessments, the said Davis County attempted to sell said property for the said assessments and said Davis County attempted to purchase said property, for the amount of the said special assessment, interest and costs; and a County Treasurer's certificate covering said land was issued to Davis County, a municipal corporation of the State of Utah.

"That after the expiration of the period of redemption and after the issuance of an auditor's deed to Davis County, in accordance with law and the procedure specified therefor, the plaintiff, Charles E. MacLean, submitted a bid to the County Commissioners of Davis County for said property of this defendant as the same was offered for sale, and said Board of County Commissioners of Davis County accepted the bid of the plaintiff, Charles E. MacLean for the said property, and the whole thereof, for the sum of $9,388.74, the same being the amount of said taxes for the year 1921, for which said property was sold, together with subsequent taxes, costs, penalties and interest, and the Board of County Commissioners determined to and did purport to dispose of and sell said premises at private sale upon said offer to the plaintiff herein for the sum of $9,388.74, being the amount of said taxes, costs, penalties and interest, and thereupon the said plaintiff paid to the Treasurer of the County of Davis, State of Utah, said sum of $9,388.74, being the amount of said taxes, costs, penalties and interest, and there was executed and delivered to Charles E. MacLean by Davis County a deed purporting to convey, assign and set over to the said Charles E. MacLean, the purchaser, all of the title of the said State of Utah, County of Davis, Bonneville Irrigation District, and of each taxing district therein interested, in and to the said property sold, including not only the title so vested, but all the interest therein acquired under the first lien upon the property assessed and taxed as aforesaid. That because of the recitals in said County Treasurer's certificate and especially because of the recitals therein that the said property at delinquent tax sale had been offered for sale at competitive bidding and that the bid accepted was the highest and best bid, and because also of the recitals contained in said auditor's deed that the said property was offered for sale to the highest bidder for cash, and that said County was a competitive voluntary purchaser, the said sale was void and that Davis County had no power or authority to convey said property to the plaintiff and said deed made by Davis County to the plaintiff was and is wholly void. That nevertheless by the express terms of the act authorizing the levy of said tax and assessment, the tax so levied and assessed constituted a first and paramount lien upon the property so assessed, which said lien by the terms of said act remains in force until said taxes are paid. That said taxes have not been paid. That notwithstanding the fact that the said instrument of transfer so made to plaintiff as purchaser was void as aforesaid, upon the pay-

ment of said sum of $9,388.74, the plaintiff herein claims that by operation of law and by virtue of said payment he became under the laws of Utah subrogated to the rights of the State of Utah, Davis County, and said Irrigation District, and that it may collect said tax and enforce said tax lien against said property."

The amended bill of complaint, after formally praying for the issuance of a subpœna, prayed:

That an account be taken of all the property subject to the lien for the taxes as hereinbefore stated, and that said taxes be declared to be a valid lien upon all of said property, and that the amount of said lien be fixed and determined by this court.

That the said defendant be decreed to pay unto the plaintiff the amount of said taxes, together with interest due and accruing, all costs and penalties in arrears or that may hereafter become due and payable, together with all costs and expenses in this behalf incurred, and in default thereof that the said premises be sold under the order of sale of this court, subject to the redemption as the court may direct, and that after the period of redemption has expired that the defendant and all persons claiming by, through or under it be forever barred and foreclosed of and from all equity of redemption and claim in and to the said premises and every part thereof.

That out of the moneys realized upon said sale, after deducting from the proceeds of said sale just allowance for disbursements and expenses of sale, including the reasonable costs and charges of plaintiff in this behalf, and all payments which may have been made for taxes or assessments on said premises from the date of the filing of this amended bill for the years subsequent to the year 1923, the remainder of the proceeds be applied to the payment of the amount of said lien, costs, penalties and interest therein, and all the interest which shall at that time have accrued on the said principal and be unpaid.

That this plaintiff may have such other and further relief as in the premises may be equitable and as to your Honor shall seem just.

The defendant filed a motion to dismiss the original and also the amended bill of complaint for the reason, and on the ground, along with other reasons and grounds therein stated and not urged on this appeal, that the said United States District Court was without jurisdiction to hear said cause. Said ground as stated in said motion being:

(1) "That it appears from the bill filed in this cause that the jurisdiction of this court depends on diversity of citizenship, and that said diversity is not shown for the plaintiff's assignor, through whom the plaintiff acquires all of the rights asserted herein, and the defendant, St. Joseph Land Company, a corporation, are not citizens of different states as required and necessary to the jurisdiction of this court.

"That the said motion was by the court denied and the case proceeded to trial. A trial was had and the court made and entered its decree in favor of the plaintiff and against the defendant, which decree is to be a part of the record on appeal herein."

The decree below adjudged that MacLean had a valid and subsisting lien for taxes paid upon all the right, title and interest of appellant in the premises on which the taxes were levied, including interest and penalties, amounting on the day the bill was filed to $10,045.93, and interest thereafter at the rate of eight per cent. per annum. The premises were described. It gave the defendant, appellant here, a stated time within which to pay the amount adjudged, and on its failure to do so adjudged that the land be sold subject to redemption from sale within six months after the date thereof. It provided for notice of sale by publication. Other provisions of the decree need not be stated.

On the facts stated the taxes levied on appellant's land became delinquent. The land was then sold to Davis County pursuant to statute. The county treasurer issued his certificate to the county as evidence of that fact. Later the treasurer issued his deed purporting to convey the land to the county. Then later, still in apparent compliance with the statute, the county gave appellee a deed purporting to convey the land to him in consideration of his payment of the amount of the taxes. It is agreed that because of certain recitals in the treasurer's certificate and his deed to the county the latter did not take title to the land, and therefore its deed to appellee was wholly void. "Nevertheless," it is stipulated, "by the express terms of the act authorizing the levy of said tax and assessment, the tax so levied and assessed constituted a first and paramount lien upon the property so assessed, which said lien by the terms of said act remains in force until said taxes are paid. That said taxes have not been paid." Appellee brought this suit and obtained the decree referred to in the foregoing statement.

The trial court in overruling a demurrer to the bill expressed the opinion that if for any reason a tax deed is void, then the statute as construed by the State supreme court

gives the grantee the right to enforce a lien against the land for the amount he paid to the county. Among other things the court said:

"When a tax deed is for any reason void and without effect it is well settled by the decisions of the supreme court of this state that the person purchasing the property from the county is subrogated to the rights of the state, county or municipality for whose use and benefit such taxes were levied and assessed, and he may foreclose the lien for the unpaid taxes and sell the premises in satisfaction thereof. This right of subrogation does not depend upon an assignment of the lien for the taxes upon the land subject thereto, but is a right arising out of the circumstances of the case, recognized and enforced in equity. The tax deed is not the basis of the plaintiff's right to maintain this action. The true basis of his right of subrogation arises out of the payment by the plaintiff of his money for something, viz.: a good title to the land—which he did not get."

Decisions of the supreme court of Utah seem to support that view as to the merits, but we need not decide that point; it is not here. The only question on the record for our consideration is, whether the district court had jurisdiction to decide the case. If it had, its decision must stand. Jurisdiction is the right of a court to consider and determine the issues,—rightly or wrongly. Foltz v. St. L. & S. F. Ry. Co. (C. C. A.) 60 F. 316; Showalter v. Hampton (C. C. A.) 26 F.(2d) 777.

It is appellant's position that the rights on which MacLean relied in bringing his suit and obtaining decree were based on a chose in action which originally belonged to Davis County, and that MacLean was its assignee. It is not claimed that any assignment from the county was in fact made, and the void deed is not relied upon for that purpose. The county and its officers who participated in the transactions were only public agencies. The taxes which they levied and had authority to collect were not debts. They are imposed without the consent of the taxpayer and operate in invitum. Debts are obligations for the payment of money founded upon contract, express or implied. Taxes are in no sense contractual. Meriwether v. Garrett, 102 U. S. 472, 26 L. Ed. 197; Lane County v. Oregon, 7 Wall. 71, 19 L. Ed. 101; Crabtree v. Madden (C. C. A.) 54 F. 426. A chose in action is a contractual obligation. In Brown v. Fletcher, 235 U. S. 589, 35 S. Ct. 154, 59 L. Ed. 374, the facts relied on seem to more nearly approach a contractual

transaction than do the facts here, but it was there said:

"Giving the words of the statute the most extensive construction authorized by previous decisions, they can only refer to a chose in action based on contract. Kolze v. Hoadley, 200 U. S. 76, 83 [26 S. Ct. 220, 50 L. Ed. 377]. The restriction on jurisdiction is limited to cases where A is indebted to B on an express or implied promise to pay; B assigns his debt or claim to C, and C as assignee of such debt sues A thereon or to foreclose the security. Or where A has contracted with B and B assigns the contract to C who sues to enforce his rights, by bill for specific performance or, by an action for damages for breach of the contract. Shoecraft v. [Trustees of Internal Imp. Fund, of State of Florida] Bloxham, 124 U. S. 730, 735 [8 S. Ct. 686, 31 L. Ed. 574]."

See also Ambler v. Eppinger, 137 U. S. 480, 11 S. Ct. 173, 34 L. Ed. 765; Hertzel v. Weber (C. C. A.) 283 F. 921, 926.

In Kolze v. Hoadley, supra, it was held as having been settled by prior decisions "That the bill or other pleading must contain an averment showing that the suit could have been maintained by the assignor if no assignment had been made."

It seems clear to us that the county could not have maintained the suit that MacLean brought. It had no statutory authority to do so. It had paid out nothing and could recover nothing in its own right. It was restricted to statutory powers as a collecting agency. MacLean's rights arose after he made payment to the county for the void deed. The county had no interest in his being reimbursed and was given no statutory power to maintain in its or his behalf the suit which he brought. Its rights and duty ceased with the execution of the deed, and the application of MacLean's money to payment of the taxes. The district court put the plaintiff's right on the equitable ground of subrogation. In Matthews v. Fidelity Title & Trust Co. (C. C.) 52 F. 687, Acheson, Circuit Judge, and Buffington, District Judge, held that subrogation is not founded on contract but results from the natural justice of placing the burden where it ought to rest. And in New Orleans v. Gaines (Gaines v. New Orleans) 138 U. S. 595, 11 S. Ct. 428, 34 L. Ed. 1102, where the plaintiff had the right relied on, both by subrogation and assignment, it was said:

"Subrogation is not assignment. The most that can be said is, that the subrogated creditor by operation of law represents the person to whose right he is subrogated,

988

* * * The evil which the law was intended to obviate was the voluntary creation of federal jurisdiction by simulated assignments. But assignments by operation of law, creating legal representatives, are not within the mischief or reason of the law. Persons subrogated to the rights of others by the rules of equity are within this principle."

In 5 Pom. Eq. Jur. (2d Ed.) § 2347, we find this:

"Persons who attempt, in good faith, to purchase property at a void judicial sale, and whose purchase money is used to satisfy valid claims against the property, * * * are warranted in their payment by public invitation, and are held subrogated to the rights of the parties receiving the money."

In Gregory v. Bartlett, 55 Ark. 30, 17 S. W. 344, it appeared that Gregory purchased land at a void tax sale. He failed in his action to recover the land. The court, however, said:

"But Gregory has an equity to be reimbursed. The amounts paid by him, whether upon his purchase at the void sale or for subsequent taxes, as far as they have relieved the land of a burden, have inured to its benefit. He is therefore subrogated to the rights of the liens he has discharged, and should have a decree therefor."

But we need go no farther than to hold, as the trial court held, which we do, that MacLean was not an assignee within the meaning of the statute relied upon, either of the county or of the irrigation district. The point on which the appeal was taken is without merit and the appeal should be dismissed. It is so ordered.