## HAYFORD v. DOUSSONY et al.
### No. 5390.

Circuit Court of Appeals, Fifth Circuit.
July 28, 1930.

Eugene S. Hayford, of New Orleans, La., for appellant.

J. L. Warren Woodville and Henry P. Dart, Jr., both of New Orleans, La. (Dart & Dart, Henry Grady Price, and Arthur B. Hammond, all of New Orleans, La., on the brief), for appellees.

Before BRYAN and FOSTER, Circuit Judges, and SIBLEY, District Judge.

BRYAN, Circuit Judge.

On the original appeal we held that, on the evidence disclosed by the record before us, the Pirate Ship was not engaged in navigation, commerce, or any maritime venture, and consequently that the claims asserted by the libelants were not within the admiralty jurisdiction. The decree of the District Court which sustained those claims as maritime liens was therefore reversed. 32 F.(2d) 605. Before that appeal was taken, the Pirate Ship was sold for $1,500, and the proceeds of sale were distributed pursuant to an order of court to various libelants.

Paul F. Jahncke, purchaser at that sale, filed his petition for rehearing on the ground that all the facts were not disclosed by the record. He stated in his petition that he was not given proper notice of the appeal, and therefore was given permission to file a supplementary transcript of record so as to bring up any evidence that had been omitted from the original record; and a rehearing was granted in order to determine whether there was any new evidence which would affect or change our opinion upon the facts.

There is nothing in the supplementary record that was not stated in substance in the original record. The argument on the rehearing was not based upon any mistake of fact, but was to the effect that we were wrong in our conclusion of law that the claims asserted were not within the admiralty jurisdiction. But we still think that the question of law was correctly decided, for the reasons stated in our original opinion. It may be that

Jahncke has an equitable claim by subrogation as a result of his having paid for appellant's benefit what may under the state law constitute nonmaritime liens, St. Joseph Land Co. v. MacLean (C. C. A.) 32 F.(2d) 984, 988; but whether he has or not cannot be determined in this proceeding.

The decree is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.