## NORTHERN TRUST CO. v. ANDERSON et al.

### No. 4104.

District Court, S. D. Iowa, S. D.

Oct. 27, 1933.

**DEWEY, District Judge.**

The above-entitled cause came on for hearing in open court at Creston, Iowa, on its merits on the 23d day of October, 1933.

A motion by the plaintiff for default, judgment, and decree, filed October 18, 1933, was argued and submitted, to be decided by the court after hearing the evidence of the case on its merits. Evidence was introduced, the evidence closed and the cause submitted, whereupon the court raised the question as to its jurisdiction.

Plaintiff bases its cause of action as against the defendants in two counts. Count 1 is an action at law on a promissory note, and count 2 is a combination of the law action and suit on the promissory note with an action to foreclose a real estate mortgage in equity. The petition affirmatively alleged that the note and mortgage were executed on the 14th day of November, 1925, by the defendant Belle M. Anderson to the Taylor County State Bank of Clearfield, Iowa, and on the 24th day of November, 1925, the note was indorsed to the plaintiff and the mortgage assigned to the plaintiff; the mortgage being filed for record on the date of the assignment of the note and mortgage to the plaintiff. Plaintiff, an Illinois corporation, alleges that it is the holder and owner of said note in due course for value and without notice of any defects.

On the face of the petition, therefore, the cause of action as alleged is not within the jurisdiction of this court by a limitation of jurisdiction set out in section 24 of the Judicial Code (28 USCA § 41) as follows: "No district court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

Plaintiff asked time to investigate and present authorities to show the jurisdiction of this court. Thereafter, and on the 25th day of October, 1933, a paper styled an "Amendment to Petition in Equity" was filed in the office of the Clerk of this court by the plaintiff, but without permission of the court, claiming and alleging that, by this amendment to make the pleadings conform to the evidence, it is shown that this court has jurisdiction; and for this purpose alleges in substance that the Taylor County State Bank of Clearfield, Iowa, acted as agent only for the loaning of the money by the plaintiff to the defendant Belle M. Anderson.

The plaintiff now claims that it was entitled to file this amendment as a matter of course under the authority of section 399, title 28, U. S. Code, 28 USCA § 399 (section 274c, Judicial Code). This section, however, is limited in the right which it gives for filing amendment to show diversity of citizenship, and it has nothing to do with a right of a party to file an amendment setting out a new cause of action or to allege facts to create for the first time jurisdiction upon the court where it had not theretofore existed.

The general statute passed by the Congress with reference to amendments, being section 777, title 28, U. S. Code, 28 USCA § 777 (section 954, R. S.), provides that the court "may at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as it shall, in its discretion and by its rules, prescribe."

It has been uniformly held that only such amendments to pleadings shall be considered as are first in the discretion of the court allowed to be filed. The plaintiff has not presented any proffered amendment to the pleading to this court relying upon its absolute right to file such amendment under the section referred to by it, which I am satisfied applies only to amendments to show diversity of citizenship where the face of the pleading did not clearly or fully so show. It is apparent that plaintiff's petition was based squarely upon its right to recover as an assignee of the original payee of the note and mortgage, as the petition not only directly so alleges, but presents in addition the right to recover upon a theory that it was an innocent purchaser of the note in due course and for value.

I am satisfied that the court, outside of its discretion to permit the filing of said amendment, would have been required to have refused its filing had it been presented to the court, as there is no authority to permit the filing of an amendment to furnish jurisdic-

tion, outside of the statute above referred to, where no such jurisdiction existed prior to the filing of the amendment, and under a discretionary authorization it should only be done, in cases of this kind where the entire cause of action was sought to be changed, by the imposition of conditions. While the authority of the courts to allow amendments is broad, it cannot be employed to supply a lack of jurisdiction. In re Griggs, 233 F. 243 (8 C. C. A.). Plaintiff, however, contends that without the amendment the court has jurisdiction. The statute otherwise expressly holds: "No district court shall have cognizance of any suit * * * to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer. * * *" This includes the foreclosure of a real estate mortgage. Kolze v. Hoadley, 200 U. S. 76, 26 S. Ct. 220, 50 L. Ed. 377. The cases cited by the plaintiff are suits that come within the exception to the above limitation on the jurisdiction of the federal courts, and do not apply to the cause of action as pleaded by the plaintiff in this case. Being satisfied this court is without jurisdiction to entertain the cause of action as alleged by plaintiff in its petition, the cause must be dismissed without prejudice for lack of jurisdiction.

The clerk will therefore enter the following order:

The above-entitled cause having come on for hearing in open court at Creston, Iowa, on the 23d day of October, 1933, same was argued and submitted and, being advised,

The court finds that it is without jurisdiction to entertain the cause of action as pleaded by the plaintiff, and same is dismissed without prejudice for lack of jurisdiction. Exception allowed plaintiff.